STATE OF NORTH CAROLINA v. JAMES FRANK RUDD

No. 8218SC588

(Filed 18 January 1983)

**Criminal Law § 99.5— court's threatening counsel for requesting record of proceedings—prejudicial error**

 The trial court erred in refusing to make a record of numerous parts of defendant's trial and by threatening to incarcerate defendant's counsel for requesting the trial court to do so. G.S. 15A-1446(a) and G.S. 1A-1, Rule 43(c).

APPEAL by defendant from *Lane, Judge.* Judgment entered 7 December 1981 in the GUILFORD County Superior Court. Heard in the Court of Appeals 7 December 1982.

Defendant was charged with and convicted of assault with a deadly weapon with intent to kill inflicting serious injury. The State's evidence tended to show defendant, an auxiliary deputy sheriff in Guilford County, was driving his pickup truck along a small road near the residence of defendant's brother, Harold. As defendant was driving along the road, Harold approached defendant's truck to inquire about defendant's presence. Thereupon, without provocation, defendant shot Harold in the forehead, knocking Harold to the ground. Harold did not lose consciousness, and the bullet wound to his head caused no permanent injury.

Defendant's evidence tended to show that there had been bad feelings between defendant and Harold for years, that Harold had a violent temper, and that defendant was afraid of Harold. On the day of the shooting incident, as defendant was driving along the roadway, Harold approached defendant's truck, ran alongside it, banged on the hood, and threatened defendant with a gun. Defendant stopped in an effort to avoid running over Harold, retreated in the truck as far as he could, and then fired his gun at Harold.

On 18 December 1981, after the verdict was returned, Judge Lane sentenced defendant to a term of not less than five nor more than seven years, suspended all but 90 days of the sentence, and ordered defendant to deliver himself to the Sheriff of Guilford County on 4 January 1982 for incarceration at the Guilford County Farm for a period of 90 days. Defendant gave notice of appeal. Judge Lane then reconsidered the terms of defendant's sentence and ordered defendant into immediate custody. Defendant requested that his existing bond be continued pending his appeal. This request was denied. Following further dialogue with Judge Lane concerning defendant's choice between withdrawing his appeal or accepting immediate in-custody status, defendant withdrew his appeal and was allowed to continue his existing bond. Defendant subsequently, and in apt time, entered a post-trial motion for appropriate relief, which motion was denied. From denial of that motion, defendant appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney John W. Lassiter, for the State.*

*Smith, Moore, Smith, Schell & Hunter, by Jack W. Floyd and Robert H. Slater, for defendant.*

WELLS, Judge.

Defendant has brought forward twelve assignments of error, but we deem appropriate to deal with only one.

In his third assignment of error, defendant contends that the trial court erred in refusing to make a record of the proceedings and by threatening to incarcerate defendant's counsel for requesting the trial court to do so. In support of this argument, defendant refers to both the trial transcripts and to an affidavit of defendant's counsel, attached to and incorporated into defendant's motion for appropriate relief, included in the record on appeal. The trial transcript shows that upon the trial court's sustaining the State's objection to several questions put to witnesses by defendant's counsel, bench conferences were held. Counsel's affidavit states that at several of these conferences, the trial judge refused to allow him to put the witness's answers in the record and that the trial judge "advised defense counsel that he had come close to going to jail and could still go if he persisted in attempting to get matters and rulings into the record." The af-

fidavit further states that when defendant's counsel attempted to object to portions of the trial court's jury instructions, the trial judge declined to make a record of those objections, "reminding defense counsel that he could still go to jail for what the trial judge construed as disrespect for the Court."

First, we note the procedural problems implicit in the presentation of defendant's contentions as to the threats made to counsel by the trial judge. While the trial transcript does show that counsel were called to the bench frequently during the course of the trial, it does not record the threats defendant's counsel attributes to the trial judge. Defense counsel's affidavit, however, was accepted by the Assistant District Attorney who tried the case for the State, without objection. In its brief, the State apparently concedes that the events described by defendant's counsel did occur at trial. Under these circumstances, we deem it appropriate to accept defense counsel's affidavit as a legitimate representation of these trial events and circumstances.

While it is fundamental that trial counsel be allowed to make a trial record sufficient for appellate review, *see* G.S. 15A-1446(a), G.S. 1A-1, Rule 43(c) of the Rules of Civil Procedure and Shuford's North Carolina Civil Practice and Procedure (2nd Ed.), § 43-5, not every failure by the trial court to comply with the Rule will be deemed prejudicial error. *See State v. Chapman,* 294 N.C. 407, 241 S.E. 2d 667 (1978). When such efforts by trial counsel are met by not mere failure or refusal of the trial court to make such a record, but are met also by overt hostility of the trial judge to such efforts, the risks that a good trial record will not be made are significantly increased. While recognizing that the balancing of the needs of judicial efficiency against lawyer exuberance will often be difficult for the trial judge, we are constrained to say that the risk of regretable judicial mistakes, *see State v. Chapman, supra,* will be less likely if trial judges avoid overt hostile reactions to such efforts by trial counsel. It is also appropriate to note that such efforts by trial counsel should rarely occasion threats by the trial judge to incarcerate counsel, lest not only should a good trial record fail to be made, but also that such actions by the trial court may amount to such manifest abuse of the trial court's discretion in the conduct of the trial as to prejudice the outcome. *See State v. Goode,* 300 N.C. 726, 268 S.E. 2d 82 (1980).

Under the circumstances presented by the record in this case, we are persuaded that the risk that defendant's defense was substantially inhibited by the actions of the trial judge and that a complete trial record was not made to the prejudice of defendant's rights are sufficient to require a new trial.

As the other errors asserted by defendant are not likely to recur, we deem it unnecessary to discuss them.

New trial.

Judges VAUGHN and WHICHARD concur.