STATE OF NORTH CAROLINA v. STANLEY SANDERS

No. 496A82

(Filed 6 November 1984)

**1. Criminal Law §§ 146.3, 159— inadequate transcription of trial—remand for new trial—exercise of supervisory powers**

    In view of the gravity of the offenses for which defendant was tried and the death penalty which was imposed, the Supreme Court vacated the judgments and ordered a new trial in the exercise of its supervisory powers under App. Rule 2 where meaningful appellate review was precluded by the entirely inaccurate and inadequate transcription of the trial proceedings and where no adequate record could be formulated.

BEFORE *Thornburg, Judge,* at the 28 June 1982 Criminal Session of Superior Court, TRANSYLVANIA County, defendant was convicted of first-degree murder, first-degree rape, felonious breaking or entering and felonious larceny. Defendant appeals as of right pursuant to N.C.G.S. 7A-27(a) from judgments imposing the sentence of death for the charge of first-degree murder and from a sentence of life imprisonment for the offense of first-degree rape, the sentence to be served consecutive to his death sentence. Defendant also appeals from the sentence to a term of 10 years imprisonment for the offenses of felonious breaking or entering and larceny, the sentences to be served consecutive to the life sentence imposed for the offense of rape. The defendant's motion to bypass the Court of Appeals on the 10 year sentence was allowed 11 January 1984. Heard in the Supreme Court 8 October 1984.

*Rufus L. Edmisten, Attorney General, by Elizabeth C. Bunting, Assistant Attorney General, for the State.*

*Adam Stein, Appellate Defender, by Ann B. Petersen and James R. Glover, Assistant Appellate Defenders, for the defendant.*

PER CURIAM.

The defendant in this appeal presents fifteen questions for review arising out of the guilt and the penalty phases of his trial. Among these questions are serious challenges to the adequacy and accuracy of Judge Thornburg's instructions to the jury in the penalty phase of the defendant's trial on the aggravating circumstances, mitigating circumstances and other elements that the jury must find before it can sentence the defendant to death.

In support of his contentions, defendant has reproduced specific portions of the trial judge's instructions to the jury during the penalty phase of the trial. The portions of the jury instructions before us contain a strikingly large number of incomplete sentences, unintelligible phrases and words so misspelled as to cast doubt upon their meaning. Even by correcting grammatical errors and accounting for what might conceivably have resulted from mere *lapsus linguae* on the part of the trial judge, we are unable to make any reasonable sense of the challenged instructions. Given the nature of these problems, we are entirely convinced that the confusing instruction is not attributable to the able trial judge, but was erroneously transcribed by the court reporter. Indeed, both the State and the defendant concede that "the transcription of the entire trial appears to be incomplete and, at places, simply inaccurate," and that "it is impossible to determine what was a transcription error and what was actually said."

We have repeatedly stated that the record which is certified imports verity, and we are bound by it. *State v. Johnson*, 295 N.C. 227, 244 S.E. 2d 391 (1978); *State v. Williams*, 280 N.C. 132, 184 S.E. 2d 875 (1971); *State v. Fields*, 279 N.C. 460, 183 S.E. 2d 666 (1971). Appellate counsel for the State and for the defendant have diligently attempted to provide us with the best possible record under the circumstances. We are informed that it is unlikely that the record on appeal can be improved from the existing records of

the original court reporter who no longer resides within the state. We are convinced that meaningful appellate review of the serious questions presented by defendant's appeal is completely precluded by the entirely inaccurate and inadequate transcription of the trial proceedings and that no adequate record can be formulated.

In view of the gravity of the offenses for which defendant was tried and the penalty of death which was imposed, we choose to exercise our supervisory powers under Rule 2 of the Rules of Appellate Procedure and, in the interest of justice, vacate the judgments entered and order a new trial. Therefore, we vacate the judgments entered by Judge Thornburg and remand the case to the Superior Court, Transylvania County, for a new trial on all charges.

Vacated and remanded.