STATE OF NORTH CAROLINA    )
                           )
        v.                 )            ORDER
                           )
STANLEY SANDERS            )

No. 88A85

(Filed 7 April 1987)

THIS case was heard 9 March 1987 on defendant's appeal from a judgment of death entered at the 4 February 1985 Criminal Session of Superior Court, TRANSYLVANIA County, *Winberry, J.,* presiding. This was defendant's second trial. On defendant's appeal from his first trial, conducted at the 28 June 1982 Criminal Session of Superior Court, TRANSYLVANIA County, this Court summarily vacated the judgments against him and remanded for a new trial because of gross inadequacies in the trial transcript. *State v. Sanders,* 312 N.C. 318, 321 S.E. 2d 836 (1984).

One issue raised on appeal is whether certain items of incriminating evidence offered against defendant at his trial were lawfully taken from defendant's residence on 4 December 1981. The state contends the evidence was seized pursuant to a lawfully executed search warrant issued on probable cause. According to the application for the warrant, a reliable confidential informant advised investigators that he had seen the incriminating evidence in defendant's residence. Defendant contends this informant was a paid agent of the state when he discovered the evidence and the informant actually took the evidence from defendant's residence and delivered it to investigators before the warrant was executed.

Before both trials defendant moved to suppress this evidence on the ground that it was seized unlawfully and in violation of his constitutional rights. Before the first trial defendant also moved that the state be required to reveal the identity of its confidential informant. This motion was denied. On the suppression motion defendant offered the testimony of his sister, who was at home on 4 December 1981, and whose testimony, if believed, would tend to support defendant's contentions. The trial court found her testimony "inherently lacking in credibility" and denied the motion to suppress.

Before his second trial defendant again moved to suppress the evidence taken from his residence. At this time defendant tendered the testimony of Curtis Henry Garten, who by that time had revealed himself as being the confidential informant referred to in the application for the search warrant. The trial court refused to hear the testimony of Garten and summarily denied the motion to suppress on the grounds (1) defendant should have called Garten as a witness at the suppression hearing before his first trial and (2) the trial court's ruling on the suppression motion at that time was the "law of this case . . . [and] *res adjudicata.*"

Garten then testified at defendant's second trial. His testimony tends to support defendant's suppression motion contentions. It also tends to corroborate the testimony of defendant's sister offered on the suppression motion before defendant's first trial. Garten testified in substance that he was a paid, confidential informant who, at the request of a detective investigating the charges against defendant, entered defendant's residence on 4 December 1981, located, with the help of defendant's sister, the incriminating property, took it from the residence and delivered it to the detective. Garten said he received some 8400 dollars from investigators for his efforts.

We express no opinion on the credibility of defendant's sister or Garten; but we are satisfied the trial court, before defendant's second trial, should not have determined defendant's suppression motion without taking the testimony of the witness Garten, whom defendant tendered at that time to the court.

Before determination, therefore, of this and other issues in the case, it is ORDERED, in the exercise of the Court's supervisory powers over the trial divisions, that the case be remanded to the Superior Court, Transylvania County, for the sole purpose of hearing defendant's motion to suppress the evidence taken from his residence on 4 December 1981. All witnesses tendered by either the state or defendant having competent testimony to offer on the issues raised in the motion shall be permitted to testify. The trial court shall then make findings of fact and conclusions of law, upon which it shall enter its order. It shall then certify the order together with supporting findings and conclusions to this Court with reasonable dispatch. See *State v. Richardson*, 313 N.C. 505, 329 S.E. 2d 404 (1985).

By Order of the Court in Conference this 7th day of April 1987.

WHICHARD, J.
For the Court