| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIE B. MELVIN | ) | |

No. 482A86

(Filed 28 July 1987)

THIS case was heard on 12 May 1987 on defendant's appeal from a judgment of life imprisonment entered at the 7 April 1986 Criminal Session of Superior Court, CUMBERLAND County, *Johnson, J.*, presiding.

Defendant contends on appeal that two of the principal witnesses against him, James Rhone and Anthony Rhone, were so intimidated by the prosecutor into giving their testimony that defendant's constitutional rights to present a defense and to due process have been violated to his prejudice.

At defendant's trial the witnesses James and Anthony Rhone both testified that they, with the defendant, Willie Melvin, conspired to and did rob the victim in this case, Joseph Panzullo, at Panzullo's residence on 1 July 1985. Both witnesses also testified, however, that they had initially planned to testify that defendant, who was their cousin, had nothing to do with the robbery and had so advised an investigator for the defendant.

Anthony Rhone testified that when the prosecutor learned of his planned testimony, the prosecutor in the hall of the courthouse exchanged harsh words with him, pushed him and used profanity toward him. Gregory Rhone testified that after the prosecutor learned he intended to testify in favor of the defendant, the prosecutor explained to him what the penalties for perjury were, reminded him of an earlier statement he had given to the state inculpating the defendant in the crime, and told him that if he testified differently from that statement, he would be prosecuted for perjury.

At trial after the testimony of Anthony Rhone defendant moved for a mistrial on the grounds of prosecutorial misconduct. At the close of all of the evidence defendant moved for dismissal of all charges on the ground of prosecutorial misconduct. Both motions were summarily denied.

On appeal defendant contends that the charges against him should be dismissed or that he should be awarded a new trial at which the testimony of Anthony and Gregory Rhone would not be admitted on the ground of improper prosecutorial intimidation of these witnesses.

The Court is of the opinion that before determining this issue, the matter should be remanded to the Superior Court in Cumberland County for a factual determination of the prosecutor's conduct with regard to the witnesses Anthony and James Rhone. As yet, no such factual determination has been made and

State v. Melvin

the Court has merely the testimony of these witnesses at trial before it.

It is, therefore, ORDERED, in the exercise of the Court's supervisory powers over the trial divisions, that the case be remanded to the Superior Court, Cumberland County. There the court shall conduct a hearing in the nature of a hearing on a post trial Motion for Appropriate Relief. Both the state and defendant, duly represented, shall be present. Both the state and defendant shall be given opportunity to offer evidence relevant to the issue of the trial prosecutor's conduct toward the witnesses James Rhone and Anthony Rhone in connection with their testimony given at defendant's trial. Based upon this evidence the trial court shall make findings of fact and conclusions of law regarding the prosecutor's conduct and shall have the Clerk of Superior Court certify these findings and conclusions to this Court with reasonable dispatch. See *State v. Richardson*, 313 N.C. 505, 329 S.E. 2d 404 (1985); *State v. Sanders*, 319 N.C. 399, 354 S.E. 2d 724 (1987).

Done by the Court in Conference this 28th day of July 1987.

WHICHARD, J.
For the Court