STATE OF NORTH CAROLINA )
                         )
          v.             )     ORDER
                         )
JAMES EDWARD THOMAS      )

No. 455A87

(Filed 3 October 1990)

THIS case was heard 11 May 1989 on defendant's appeal from judgments imposing a sentence of death for first degree murder and a mandatory sentence of life imprisonment for first degree sexual offense, entered at the 6 July 1987 criminal session of Superior Court, WAKE County, *Farmer, J.,* presiding.

One issue raised on appeal is whether certain concessions by defendant's attorney of defendant's guilt before the trial jury denied defendant the effective assistance of counsel.

Defendant was indicted on charges of first degree murder, first degree sexual offense, and robbery of Teresa Ann West, who was found dead in her room at the Sir Walter Tourist Home on 14 June 1986. Physical evidence introduced by the State at defendant's trial linked defendant to the murder. The jury found defendant guilty of first degree murder both by premeditation and deliberation and under the felony murder rule, and guilty of first degree sexual offense. The jury found defendant not guilty of common law robbery and not guilty of larceny. After a sentencing hearing, the jury recommended the death penalty for the first degree murder.

During arguments to the jury, defendant's counsel, apparently as a matter of trial strategy, conceded that defendant was guilty of second degree murder and that defendant participated in the sexual offense. Trial counsel stated to the trial court that defendant had consented to this strategy, at least as to the murder charge. Defendant on appeal denies he consented.

In *State v. Harbison*, 315 N.C. 175, 337 S.E.2d 504 (1985), we held that ineffective assistance of counsel, in violation of a defendant's sixth amendment right to counsel, is established in every criminal case in which the defendant's counsel admits defendant's guilt of a lesser included crime to the jury without defendant's consent. The Court's opinion explained the basis for this rule:

When counsel admits his client's guilt without first obtaining the client's consent, the client's rights to a fair trial are completely swept away. The practical effect is the same as if counsel had entered a plea of guilty without the client's consent. Counsel in such situations denies the client's right to have the issue of guilt or innocence decided by a jury.

*Id.* at 180, 337 S.E.2d at 507.

The defendant in *Harbison*, appealing the trial court's denial of a motion for appropriate relief, contended that his right to effective assistance of counsel was violated when defense counsel, without his consent, admitted defendant's guilt and recommended that jurors convict him of manslaughter, rather than convict him of first degree murder or find him not guilty. The State did not contest the defendant's assertion that he had not consented to his attorney's admission.

Unlike in *Harbison*, the State here contests defendant's assertion of fact that he did not consent to his attorney's admissions. The trial record does not resolve this issue. Before determination, therefore, of this and other issues in the case it is ORDERED, in the exercise of the Court's supervisory powers over the trial divisions, that the case be remanded to the Superior Court, Wake County, for an evidentiary hearing for the sole purpose of determining whether defendant knowingly consented to trial counsel's concessions of defendant's guilt to the jury. The trial court then shall forthwith make findings of fact and conclusions of law, upon which it shall enter its order. It shall then certify the order together with supporting findings and conclusions and the transcript of the hearing to this Court. *See State v. Sanders*, 319 N.C. 399, 354 S.E.2d 724 (1987); *State v. Richardson*, 313 N.C. 505, 329 S.E.2d 404 (1985).

By order of the Court in conference, this 3rd day of October 1990.

WHICHARD, J.
For the Court

WITNESS my hand and seal of the Supreme Court of North Carolina, this the 10th day of October, 1990.

J. GREGORY WALLACE
Clerk of the Supreme Court