STATE OF NORTH CAROLINA v. TONYA BROWN

No. 9319SC968

(Filed 20 September 1994)

**Appeal and Error § 147 (NCI4th)— offer of proof not allowed—error—remand for taking of testimony—transcript to be certified to Court of Appeals**

The trial court erred by not allowing defendant to make an offer of proof and depriving her from preserving the proposed testimony in the record for the purpose of appellate review; therefore, the case is remanded for the taking of the proposed testimony of the witness and the certification of the transcript of that testimony to the Court of Appeals.

**Am Jur 2d, Appeal and Error §§ 545 et seq.**

Appeal by defendant from a judgment entered 2 April 1993 by Judge Russell G. Walker, Jr., in Rowan County Superior Court. Heard in the Court of Appeals 7 June 1994.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Daniel F. McLawhorn and Thomas F. Moffitt, for the State.*

*Davis Law Firm, by Robert M. Davis, for defendant appellant.*

STATE v. BROWN

[116 N.C. App. 445 (1994)]

COZORT, Judge.

Defendant Tonya Brown appeals from a judgment imposing a sentence of life imprisonment for the second degree murder of her husband. While defendant brings forth numerous assignments of error, we shall consider only whether the trial court erred by refusing to allow her to make an offer of proof regarding the testimony of Gina Russell and thereby depriving the defendant from preserving the proposed testimony in the record for the purpose of appellate review. We find the trial court erred by not allowing the defendant to make an offer of proof and depriving her from preserving the proposed testimony in the record for the purpose of appellate review. We remand for an evidentiary hearing on the testimony of Gina Russell.

The State presented evidence tending to show that on 2 May 1992 defendant shot her husband from a range of less than six inches as he was kneeling beside their car. At trial, defendant testified that she fired her gun because she thought her husband was "going to raise his gun and shoot me." Defendant also described an abusive marriage where her husband regularly threatened to kill her if they separated.

Defendant attempted to call Gina Russell, a former girlfriend of defendant's husband, as a witness. Ms. Russell lived with defendant's husband for three years, from 1983 to 1986. According to defendant's counsel, Gina Russell would testify as to the manner in which the defendant's husband treated her while the two were living together. The State objected, arguing that Ms. Russell's testimony would be irrelevant as improper character evidence, and not probative since six years had passed since defendant's husband and Gina Russell lived together. The trial court sustained the State's objection.

On two separate occasions the trial court ruled that defendant would be allowed to voir dire Gina Russell out of the presence of the jury. However, when defendant attempted to call Gina Russell to the stand, the trial court did not allow defendant to make an offer of proof regarding Ms. Russell's proposed testimony.

On appeal the defendant contends the trial court erred when it refused to allow her to make an offer of proof regarding the testimony of Gina Russell, thus depriving her of preserving the proposed testimony in the record for the purpose of appellate review. Defendant contends the evidence would have been relevant to defendant's knowledge of her husband's violence and to her apprehension or fear of him.

STATE v. BROWN

[116 N.C. App. 445 (1994)]

It is fundamental that trial counsel be allowed to make a trial record sufficient for appellate review. *State v. Rudd*, 60 N.C. App. 425, 427, 299 S.E.2d 251, 253 (1983). In *State v. Chapman*, our Supreme Court stated:

> [W]e regard the trial judge's refusal to allow counsel to complete the record as a regrettable judicial mistake. A judge should be loath to deny an attorney his right to have the record show the answer a witness would have made when an objection to the question is sustained. In refusing such a request the judge incurs the risk (1) that the Appellate Division may not concur in his judgment that the answer would have been immaterial or was already sufficiently disclosed by the record, and (2) that he may leave with the bench and bar the impression that he acted arbitrarily.

294 N.C. 407, 415, 241 S.E.2d 667, 672 (1978). Counsel here was prevented from making a sufficient record because the trial court refused to allow the defendant to make an offer of proof regarding the testimony of Ms. Russell.

Without having the substance of Ms. Russell's proposed testimony, we cannot determine whether the defendant was prejudiced by the trial court's refusal to allow Ms. Russell to testify. The record must be complete in order that the defendant have meaningful appellate review.

We are reluctant to order a new trial where we are unable to determine whether the trial court's error was prejudicial. Instead, we believe the appropriate procedure here is to remand the case to the trial court for the sole purpose of an evidentiary hearing to record the proposed testimony of Ms. Russell. Precedent for this procedure was established by our Supreme Court in *State v. Thomas*, 327 N.C. 630, 397 S.E.2d 79 (1990). There, the question was whether the defendant had consented to his counsel's jury argument that defendant was guilty of a lesser included crime. Since the record did not resolve the issue, the Supreme Court remanded the case to the trial court for an evidentiary hearing to determine whether defendant consented. The Supreme Court directed the trial court to certify its findings and conclusions and the transcript to the Supreme Court. *Id.* at 631, 397 S.E.2d at 80. After the trial court held the hearing and certified those items to the Supreme Court, the Supreme Court considered that issue and the other issues presented by the appeal. *State v. Thomas*, 329 N.C. 423, 407 S.E.2d 141 (1991).

We find the procedure employed by the Supreme Court in *Thomas* is appropriate for this case, with the exception of the necessity for the trial court to make findings and conclusions. All that is necessary here is the taking of Ms. Russell's proposed testimony and the certification of the transcript of that testimony to this Court. This Court will then consider all issues presented by the appeal.

Remanded.

Judges EAGLES and LEWIS concur.