STATE OF NORTH CAROLINA v. TONYA BROWN

No. 9319SC968

(Filed 19 September 1995)

**Evidence and Witnesses § 285 (NCI4th)— victim's past violence—no showing that defendant knew about violence— no apprehension of bodily harm—evidence properly excluded**

In a prosecution of defendant for the murder of her husband, the trial court did not err in excluding testimony by the husband's ex-girlfriend concerning his violent and abusive behavior which occurred six years before defendant shot her husband, since such testimony failed to establish that defendant knew of her husband's abusive behavior toward his ex-girlfriend and that his past violence put her in reasonable apprehension of bodily harm.

**Am Jur 2d, Evidence §§ 335 et seq.**

Appeal by defendant from judgment entered 2 April 1993 by Judge Russell G. Walker, Jr., in Rowan County Superior Court. Heard in the Court of Appeals 7 June 1994.

## STATE v. BROWN

[120 N.C. App. 276 (1995)]

*Attorney General Michael F. Easley, by Special Deputy Attorneys General Daniel F. McLawhorn and Thomas F. Moffitt, for the State.*

*Davis Law Firm, by Robert M. Davis, for defendant appellant.*

COZORT, Judge.

Defendant Tonya Brown appeals from a judgment imposing a sentence of life imprisonment for the second degree murder of her husband. On 20 September 1994, we remanded the case to the trial court for an evidentiary hearing on the testimony of Gina Russell, an ex-girlfriend of the victim. Defendant contends the trial court erred in excluding Russell's testimony about her abusive relationship with defendant's husband. Defendant contends the evidence would have been relevant to her knowledge of her husband's history of violence and to her fear of him. After reviewing Russell's testimony, we find the trial court did not err in refusing to allow Russell to testify before the jury.

The facts of this case are set forth in *State v. Brown*, 116 N.C. App. 445, 448 S.E.2d 131 (1994).

At the evidentiary hearing before the trial court on 12 December 1994, Russell testified that she began dating defendant's husband in 1983 when she was fifteen years old, before he married defendant. Their relationship ended three years later, in 1986, six years before defendant shot her husband. Russell testified that defendant's husband was "very violent." She recounted episodes where he threatened her at knife point, pushed and kicked her, and engaged in other violent behavior. Russell testified she told a friend to "warn" the defendant about this abuse; however, she did not know whether this friend ever conveyed the message to defendant.

A defendant claiming self-defense may present evidence of the victim's character which tends to show (1) the victim was the aggressor, or (2) the defendant had a reasonable apprehension of death or bodily harm, or both. *State v. Corn*, 307 N.C. 79, 85, 296 S.E.2d 261, 266 (1982).

N.C. Gen. Stat. § 8C-1, Rule 405(b) (1992) provides that specific instances of conduct may be presented as proof of character in cases where a person's character is an essential element of a charge or defense. In self-defense cases, the victim's violent character is relevant only as it relates to the reasonableness of defendant's apprehen-

sion and use of force, which are essential elements of self-defense. *State v. Shoemaker*, 80 N.C. App. 95, 101, 341 S.E.2d 603, 607, *motion to dismiss allowed and disc. review denied*, 317 N.C. 340, 346 S.E.2d 145 (1986). Thus, the victim's conduct in his relationship with Russell becomes relevant only if defendant knew about it at the time of the shooting. *Id.*

Since Russell's testimony failed to establish that defendant knew of her husband's abusive behavior toward his ex-girlfriend, it provides no evidence that the victim's past violence put the defendant in reasonable apprehension of bodily harm. The trial court was correct in excluding Russell's testimony.

Defendant has brought forward several other assignments of error, most of which deal with rulings of the trial court on various evidentiary issues. We have reviewed all assignments of error brought forward, and we find the trial court committed no prejudicial errors.

No error.

Judges EAGLES and LEWIS concur.