ALAN CAPPS, Plaintiff-Appellee v. NW SIGN INDUSTRIES OF NORTH CAROLINA, INC., a North Carolina Corporation, RONALD BRODIE, and CHRIS REEDEL, Defendant-Appellants

No. COA04-1229

(Filed 5 July 2005)

**Appeal and Error— appealability—denial of motion to dismiss—forum selection and arbitration clause**

The denial of a motion to dismiss an employment dispute was interlocutory, did not affect a substantial right, and was not immediately appealable even though the employment agreement in issue contained a forum selection and arbitration clause. Whether or not the terms of this clause were valid and enforceable was a question of fact still pending in the trial court.

Judge Wynn dissenting.

Appeal by defendants from an order filed 18 February 2004 by Judge J. Gentry Caudill, in Mecklenburg County Superior Court. Heard in the Court of Appeals 17 May 2005.

*James, McElroy & Diehl, P.A., by Jared E. Gardner for plaintiff-appellee.*

*Vandeventer Black LLP, by David P. Ferrell and Norman W. Shearin, Jr. for defendant-appellants.*

BRYANT, Judge.

NW Sign Industries of North Carolina, Inc., (NW Sign of N.C.) a North Carolina Corporation, Ronald Brodie (Brodie) and Chris Reedel (Reedel), collectively defendants, appeal from an order filed 18 February 2004 denying a Rule 12(c) motion for judgment on the pleadings and motion to dismiss pursuant to Rules 12(b)(1) (subject matter jurisdiction) and 12(b)(6) (failure to state a claim). Brodie is President and CEO of NW Sign Industries, Inc., (non-party NW Sign of N.J.) a New Jersey Corporation. Reedel is Vice President of non-party NW Sign of N.J. and General Manager of NW Sign of N.C.

This dispute arose out of the employment contract between Alan Capps (plaintiff) and non-party NW Sign of N.J. Capps was employed as a salesperson by non-party NW Sign of N.J. from December 2000 until November 2002. He began working in New Jersey and in January

2001, worked for NW Sign of N.C., at which time he was added to the NW Sign of N.C. payroll. Plaintiff alleges NW Sign of N.C. terminated his employment in November 2002 in order to avoid paying him a draw against his 9.09% commission ($70,000.00) of his sales.

Plaintiff commenced an action against defendants[1] on 20 June 2003 by the issuance of a summons and leave of the trial court to file a complaint within twenty days pursuant to N.C. Gen. Stat. § 1A-1, Rule 3(a)[2]. In plaintiff's complaint he alleged all three defendants violated the North Carolina Wage and Hour Act, and brought claims of wrongful discharge and breach of contract against NW Sign of N.C. On 15 October 2003, plaintiff filed and served an Amended Complaint, which added a claim for punitive damages against NW Sign of N.C.

On 19 November 2003, defendants filed an Answer, Motion for Judgment on the Pleadings, Motion to Dismiss, and Counterclaims against plaintiff. On 18 February 2004, the Honorable J. Gentry Caudill of Mecklenburg County Superior Court filed an order denying defendants' motions for judgment on the pleadings and motion to dismiss.

Defendants appeal. Plaintiff has filed a motion to dismiss this appeal as interlocutory. For the following reasons, we grant plaintiff's motion to dismiss.

---

A judgment is either interlocutory or a final determination of the rights of parties. N.C. Gen. Stat. § 1A-1, Rule 54(a) (2003); *see Veazey v. Durham*, 231 N.C. 357, 361, 57 S.E.2d 377, 381 (1950). An order is interlocutory if it is entered during the pendency of an action and does not dispose of the case, but requires further action by the trial court to finally determine the rights of all the parties involved in the controversy. *Veazey* at 362, 57 S.E.2d at 381; *see, e.g., Country Club of Johnston County, Inc. v. United States Fid. & Guar. Co.*, 135 N.C. App. 159, 161, 519 S.E.2d 540, 542 (1999). Generally, there is no right to appeal from an interlocutory order. *See* N.C.G.S. § 1A-1, Rule 54(b) (2003). Our courts, however, have recognized an appeal may be allowed under the provisions of N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d), if a substantial right is affected, the order determines the

1. In his original complaint, plaintiff also named Daniel Clower, Senior Vice President of Sales for non-party NW Sign of N.J. Clower was dismissed from plaintiff's Amended Complaint, filed 15 October 2003.

2. A second action against NW Sign Industries of N.J. was commenced; however plaintiff did not file a complaint and that action abated.

**CAPPS v. NW SIGN INDUS. OF N.C., INC.**

[171 N.C. App. 409 (2005)]

action and prevents a judgment from which an appeal may be taken, or discontinues the action. *See* N.C.G.S. §§ 1-277(a), 7A-27(d) (2003); *Hoots v. Pryor*, 106 N.C. App. 397, 401, 417 S.E.2d 269, 272 (1992).

The right to immediate appeal under the substantial right exception is determined pursuant to a two step process. *Id.* The appellant must first show that: (1) the order affects a right that is indeed 'substantial,' and (2) "enforcement of that right, absent immediate appeal, [will] be 'lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order.' " *Country Club* at 162, 519 S.E.2d at 543; *see, e.g., Dalton Moran Shook, Inc. v. Pitt Dev. Co.*, 113 N.C. App. 707, 710, 440 S.E.2d 585, 588 (1994). Neither denial of a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction nor motion for failure to state a claim for which relief can be granted under Rule 12(b)(6) affects a substantial right and neither is immediately appealable. *See Faulkenbury v. Teachers' & State Employees' Ret. Sys.*, 108 N.C. App. 357, 365, 424 S.E.2d 420, 423 (1993) (denial of motion to dismiss is generally not appealable); *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327, 293 S.E.2d 182, 184 (1982) (lack of subject matter jurisdiction under Rule 12(b)(1)); *Shaver v. N.C. Monroe Constr. Co.*, 54 N.C. App. 486, 487, 283 S.E.2d 526, 527 (1981) (lack of subject matter jurisdiction not immediately appealable); *O'Neill v. Southern Nat'l Bank*, 40 N.C. App. 227, 231-32, 252 S.E.2d 231, 234-35 (1979) (failure to state claim upon which relief may be granted under Rule 12(b)(6)).

Here, the trial court's denial of defendants' motion to dismiss is interlocutory, does not affect any substantial right of the parties and is therefore not immediately appealable. Defendants argue because their motion was based on the existence of a valid forum selection and arbitration clause in the "written enforceable employment contract between the parties," the denial of the motion to dismiss affects a substantial right. We disagree.

Defendants' motion to dismiss does not affect a substantial right of the named defendants: NW Sign Industries of N.C.; Brodie; or Reedel. In 2000, plaintiff and non-party NW Sign of N.J. entered into an employment contract. Shortly thereafter, plaintiff went to work for NW Sign of N.C. Whether or not the terms of such employment contract are valid and enforceable is a question of fact still pending in the trial court. By denying defendants' motion to dismiss based on failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction, the trial court has not made a final determination as to the rights of the parties involved in the liti-

gation. Further, defendants have failed to show that a substantial right has been implicated in order for this matter to be properly considered by this Court.

Dismissed.

Judge JACKSON concurs.

Judge WYNN dissents in a separate opinion.

WYNN, Judge dissenting.

Because our case law holds that the denial of a motion to dismiss based on an alleged forum-selection clause is immediately appealable, I respectfully dissent.

Preliminarily, I note that a motion to dismiss due to a forum-selection clause is more properly brought pursuant to North Carolina Rule of Civil Procedure 12(b)(3), allowing dismissal for improper venue. N.C. Gen. Stat. § 1A-1, Rule 12(b)(3) (2004). Here, Defendants brought their motion to dismiss pursuant to North Carolina Rule of Civil Procedure 12(b)(1), allowing dismissal for lack of subject-matter jurisdiction. N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2004). Nevertheless, it is clear from Defendants' motion to dismiss that Defendants moved to dismiss, *inter alia*, due to the applicability of the forum-selection clause—the issue thus before us now. *Hickox v. R&G Group Int'l, Inc.*, 161 N.C. App. 510, 588 S.E.2d 566 (2003) (reviewing a motion to dismiss based on the application of a forum-selection clause brought under Rule 12(b)(1) and Rule 12(b)(2) rather than Rule 12(b)(3)).[3]

The majority correctly notes that a denial of a motion to dismiss is an interlocutory order and thus not ordinarily appealable. However, if the issue pertains to the application of a forum-selection clause, our courts have held that a defendant may nevertheless immediately appeal the order because the order affects a substantial right. *Hickox,* 161 N.C. App. at 511-12, 588 S.E.2d at 567-68; *Mark Group Int'l, Inc.*

---

3. In another recent, albeit unpublished, case, this Court reviewed a motion to dismiss challenging jurisdiction on the basis of a forum-selection clause. *Seaboard Container Cleaning, LLC v. Four Seasons Envtl., Inc.*, No. COA03-1367, 2004 N.C. App. LEXIS 2245, at *4 (N.C. Ct. App. Aug. 25, 2004) ("In its motion to dismiss here, defendant alleges lack of jurisdiction, contending that the agreement between the parties contained a binding forum-selection clause, and thus, this interlocutory appeal is properly before us.").

*v. Still,* 151 N.C. App. 565, 566 n.1, 566 S.E.2d 160, 161 n.1 (2002) (the denial of a motion to dismiss based on a forum-selection clause is immediately appealable); *Cox v. Dine-A-Mate, Inc.,* 129 N.C. App. 773, 776, 501 S.E.2d 353, 355 (1998) (same).

The majority notes that whether the terms of the employment contract containing the alleged forum-selection clause are valid and enforceable "is a question of fact still pending in the trial court." But pending before this Court is the issue of the applicability of the contract's alleged forum-selection clause. Because a motion to dismiss due to a forum-selection clause is immediately appealable, I believe dismissal is improper.