IN RE: J.S. and C.S.
HENDERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner,
v.
M.M., Respondent.
No. COA06-551
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
Hall & Hall Attorneys at Law, P.C., by Douglas L. Hall for respondent-appellant.
Djuana L. Swann, for petitioner-appellee.
Parker, Poe, Adams & Bernstein L.L.P., by R. Bruce Thompson II, for Guardian ad Litem.
ELMORE, Judge.
Respondent mother appeals from the Review and Permanency Planning Orders entered 10 November 2005 by the district court, in which efforts to reunify two juveniles, J.S. and C.S., with respondent were ceased and the court's plan to achieve a safe, permanent home for the juveniles within a reasonable period of time was changed to termination of parental rights so that the children might subsequently be placed for adoption. The district court changed the permanency plan for these two children because respondent failed to fulfill the requirements of previous court orders, the fulfillment of which was a prerequisite to respondent regaining custody or placement of the children. Requirements that were unfulfilled at the time of the permanency planning review include:
a. Mother tested positive for methamphetamine on 11/07/04, 6/13/05;
b. Mother has not completed her parenting assessment and evaluation by a licensed psychologist;
c. Mother did not complete the relapse prevention class . . .
d. Mother did complete a substance abuse assessment but has not attended any group sessions except for two.
e. Mother had a criminal complaint filed against her by the father . . . for Assault with a Deadly Weapon.
f. Mother was arrested for possession of Methamphetamine
In addition, the district court found as a matter of fact that "[i]t is not possible (and certainly not likely) that the juvenile can safely and lawfully be returned to a parent within six months of this hearing, given the requirements of the N.C. Juvenile Code." The district court further found that "[e]fforts to reunify the juvenile with a parent would be futile."
In her brief, respondent includes five arguments, which are insufficient to vacate the permanency planning order entered 10 November 2005. This Court does not review respondent's fifth issue, which was withdrawn during oral arguments. In her first, third and fourth arguments, respectively, respondent claims that her constitutional and due process rights were violated by the numerous inaudible portions of the transcript, that the district court erred by ceasing reunification efforts with respondent without making the findings of fact required by North Carolina General Statutes section 7B-907(b), and that the district court failed to make sufficient findings of fact as required by North Carolina General Statutes section 7B-907 to support the entry of the permanent plan of adoption.
Respondent contends that these errors constitute plain error, citing Rule 10(c)(4) of the North Carolina Rules of Appellate Procedure, which states:
In criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law without any such action, nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error.
N.C.R. App. P. 10(c)(4). This "plain error rule has not been expanded to civil cases in general or to child custody cases in particular." In re B.D., 174 N.C. App. 234, 245, 620 S.E.2d 913, 920 (2005) (quoting In re Gleisner, 141 N.C. App. 475, 479, 539 S.E.2d 362, 365 (2000)).
Although respondent improperly uses plain error as the standard of review we nevertheless choose to address these three issues on the merits.

I.
In her first assignment of error, respondent asserts that her constitutional and due process rights to pursue an appeal were violated by the existence of numerous inaudible portions of the transcript. Respondent lists a significant number of unintelligible portions of the transcript in her brief, and asserts that "[t]he defects in the transcript originate with the poor quality of the audiotape recording, which cannot be helped, corrected, or overcome by any person or by any means."
Our Supreme Court has granted a defendant a new trial where "meaningful appellate review . . . is completely precluded by the entirely inaccurate and inadequate transcription of the trial proceedings and that no adequate record can be formulated."State v. Sanders, 312 N.C. 318, 320, 321 S.E.2d 836, 837 (1984),writ of cert. denied, Sanders v. North Carolina, 498 U.S. 1051 (1991) . However, Sanders "involved a transcript so incomplete and inaccurate that one could not distinguish between transcript error and reliable trial testimony reporting."State v. McLaughlin, 323 N.C. 68, 108, 372 S.E.2d 49, 75 (1988). This Court has held that where "the transcript, despite its imperfections, is not so inaccurate as to prevent meaningful review by this Court, the assertion that the recordation of juvenile court proceedings are inadequate to protect juvenile's rights is properly overruled." In re Hartsock, 158 N.C. App. 287, 293, 580 S.E.2d 395, 399 (2003) (internal quotations omitted). We hold that the transcript was adequate to provide meaningful review by this Court. Accordingly, we overrule this assignment of error.

II.
In her second argument, respondent contends the district court lacked subject matter jurisdiction to enter a permanent plan because it failed to enter said plan within the time required by North Carolina General Statutes section 7B-907(a). This statute requires a trial judge to hold a "permanency planning hearing within 12 months after the date of the initial order removing custody." The record indicates the district court held the hearing twelve months and sixty-six days after the date of the initial order. However, "this Court has held that time limitations in the Juvenile Code are not jurisdictional in cases such as this one and do not require reversal of orders in the absence of a showing by the appellant of prejudice resulting from the time delay." In re C.L.C., 171 N.C. App. 438, 443, 615 S.E.2d 704, 707 (2005). Respondent fails to show that she suffered prejudice as a result of the time delay. Accordingly, we overrule this assignment of error.

III.
In her third assignment of error, respondent argues that the trial court ceased reunification efforts with respondent without making the findings of fact required by N.C. Gen. Stat. § 7B-507(b). North Carolina General Statutes section 7B-507(b) provides in relevant part:
In any order placing a juvenile in the custody or placement responsibility of a county department of social services, whether an order for continued nonsecure custody, adispositional order, or a review order; the court may direct that reasonable efforts to eliminate the need for placement of the juvenile shall not be required or shall cease if the court makes written findings of fact that:
(1) Such efforts clearly would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time
N.C. Gen. Stat. § 7B-507(b) (2005). The statute lists three other findings of fact that would also negate the requirement of "reasonable efforts" by the court. Id.
Reunification efforts in this matter were ceased pursuant to the Review and Permanency Planning Orders filed 10 November 2005. Finding of Fact 48 states that "[e]fforts to reunify the juvenile with a parent would be futile, under the circumstances of this case." Respondent argues that Finding of Fact 48 is insufficient to meet the requirements of N.C. Gen. Stat. § 7B-507(b) and "contains no finding of any ultimate facts necessary to support the conclusion of law that reasonable efforts should cease." However, it appears from the extensive record as well as the trial judge's previous findings of fact that competent evidence exists in the record to support Finding of Fact 48 as well as the conclusion of law that reunification efforts would be futile under the circumstances and should cease. Accordingly, we overrule this assignment of error.

IV.
In her final assignment of error, respondent argues that the trial court did not make sufficient findings of fact as required by N.C. Gen. Stat. § 7B-907 to support the entry of the permanent plan of adoption. North Carolina General Statute section 7B-907 provides in pertinent part:
(b) . . . At the conclusion of the [permanency planning] hearing, if the juvenile is not to be returned home, the court shall consider the following criteria and make written findings regarding those that are relevant:
(1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home;
(2) Where the juvenile's return home is unlikely within six months, whether legal guardianship or custody with a relative or some other suitable person should be established, and if so, the rights and responsibilities which should remain with the parents;
(3) Where the juvenile's return home is unlikely within six months, whether adoption should be pursued and if so, any barriers to the juvenile's adoption.
(4) Where the juvenile's return home is unlikely within six months, whether the juvenile should remain in the current placement or be placed in another permanent living arrangement and why;
(5) Whether the county department of social services has since the initial permanency plan hearing made reasonable efforts to implement the permanent plan for the juvenile;
(6) Any other criteria the court deems necessary.
(c) At the conclusion of the hearing, the judge shall make specific findings as to the best plan of care to achieve a safe, permanent home for the juvenile within a reasonable period of time. . . . If the juvenile is not returned home, the court shall enter an order consistent with its findings that directs the department of social services to make reasonable efforts to place the juvenile in a timely manner in accordance with the permanent plan, to complete whatever steps are necessary to finalize the permanent placement of the juvenile, and to document such steps in the juvenile's case plan.
N.C. Gen. Stat. § 7B-907 (2005).
"Appellate review of a permanency planning order is limited to whether there is competent evidence in the record to support the findings and the findings support the conclusions of law." In re J.C.S., 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004). In this case we must determine whether the trial judge made sufficient findings of fact to support the entry of the permanent plan of adoption. Findings of Fact 41 through 48 meet the requirements of N.C. Gen. Stat. § 7B-907 because they state (1) that the trial court was unaware of any relative into whose custody the juvenile could be released; (2) "[i]t is not possible (and certainly not likely) that the juvenile can safely and lawfully be returned to a parent within six months of this hearing, given the requirements of the N.C. Juvenile Code"; (3) "[a]s the Juvenile's return home within six months is unlikely, adoption should be pursued in this matter"; (4) "[a]s the Juvenile's return home within six months is unlikely, the Juvenile's current placement should remain the same"; (5) plaintiff made "reasonable efforts . . . to eliminate the need for the placement of the juvenile, and to reunify the juvenile with a parent"; and (6) "[e]fforts to reunify the juvenile with a parent would be futile, under the circumstances of this case."
These findings clearly meet the requirements of the statute, and support the conclusion of law that the trial court's "plan to achieve a safe, permanent home for the Juvenile within a reasonable period of time should be the termination of the parental rights of the parents of the juvenile, so that the juvenile may subsequently be placed for adoption." Accordingly, we overrule this assignment of error.
For the foregoing reasons, the district court's decision is
Affirmed.
Judges HUNTER and McCULLOUGH concur.
Report per Rule 30(e).