ALAN CAPPS, Plaintiff v. NW SIGN INDUSTRIES OF NORTH CAROLINA, INC., a NORTH CAROLINA CORPORATION, RONALD BRODIE and CHRIS REEDEL, Defendants

No. COA07-99

(Filed 6 November 2007)

**1. Appeal and Error— brief—assignments of error—record references not included**

Defendants' appeal was subject to dismissal where they failed to comply with Appellate Rule 10(c)(1) by not including clear and specific record references in their assignments of error.

**2. Appeal and Error— brief—questions presented—pertinent assignments of error required**

Defendants' appeal was subject to dismissal where, following each of the questions presented, they cited all thirty-four of their assignments of error. Appellate Rule 28(b)(6) requires a reference to assignments of error pertinent to the question.

**3. Appeal and Error— violations of requirements for brief— Rule 2 not invoked**

Appellate Rule 2 was not invoked where violations of the Appellate Rules were egregious. Nothing suggests excep-

tional circumstances for suspending or varying the rules in order to prevent manifest injustice or to expedite decision in the public interest.

Judge McGEE dissenting.

Appeal by defendants from order entered 20 October 2006 by Judge J. Gentry Caudill in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 October 2007.

*James, McElroy & Diehl, P.A., by Richard B. Fennell and Jared E. Gardner, for plaintiff-appellee.*

*Vandeventer Black LLP, by David P. Ferrell and Norman W. Shearin, Jr., for defendants-appellants.*

TYSON, Judge.

NW Sign Industries of North Carolina, Inc., a North Carolina Corporation, ("NW Sign of N.C."), Ronald Brodie, and Chris Reedel (collectively, "defendants") appeal from an order entered denying their motion to dismiss. We dismiss defendants' appeal.

## I. Background

Ronald Brodie is the President and CEO of NW Sign Industries, Inc., a New Jersey Corporation ("NW Sign of N.J.") and Chris Reedel is the Vice President of NW Sign of N.J. and the General Manager of NW Sign of N.C. This dispute arose out of an employment contract between Alan Capps ("plaintiff") and NW Sign of N.J. Plaintiff was employed as a salesperson by NW Sign of N.J. from December 2000 until November 2002. Plaintiff began working in the State of New Jersey and in January 2001, worked for NW Sign of N.C., at which time he was added to the NW Sign of N.C. payroll. Plaintiff alleges NW Sign of N.C. terminated his employment in November 2002 in order to avoid paying him a draw against his 9.09 percent commission of his sales.

On 9 July 2003, plaintiff filed a complaint asserting violations of the North Carolina Wage and Hour Act, wrongful discharge, and breach of contract. Plaintiff amended his complaint on 15 October 2003 to include a claim for punitive damages. On 19 November 2003, defendants filed their answer, motion for judgment on the pleadings, motion to dismiss, and counterclaims.

CAPPS v. NW SIGN INDUS. OF N.C., INC.

[186 N.C. App. 616 (2007)]

On 17 February 2004, the trial court entered an order denying defendants' motion for judgment on the pleadings and motion to dismiss. Defendants appealed. A divided panel of this Court dismissed defendants' appeal as interlocutory. *See Capps v. NW Sign Indus. of N.C., Inc.*, 171 N.C. App. 409, 614 S.E.2d 552 (2005), *vacated and remanded*, 360 N.C. 391, 627 S.E.2d 614 (2006). Defendants appealed. Our Supreme Court vacated and remanded this Court's order dismissing defendants' appeal with instructions for this Court to further remand to the trial court for "findings of fact sufficient for appellate review of the jurisdictional issue." *Capps*, 360 N.C. at 392, 627 S.E.2d at 614.

On remand, the trial court entered findings of fact and conclusions of law denying defendants' motion for judgment on the pleadings and motion to dismiss. Defendants appeal.

## II.  Issue

Defendants argue the trial court erred by failing to find plaintiff's original employment contract with NW Sign of N.J. is enforceable.

## III.  Motion to Dismiss for Appellate Rules Violations

On 21 June 2007, plaintiff moved to dismiss defendants' appeal for numerous appellate rules violations. Defendants failed to amend or correct the errors raised in plaintiff's motion to dismiss.

### A.  Appellate Rules Violations

"It is well settled that the Rules of Appellate Procedure are mandatory and not directory. Thus, compliance with the Rules is required." *State v. Hart*, 361 N.C. 309, 311, 644 S.E.2d 201, 202 (2007) (internal citations and quotations omitted).

Our Supreme Court's interpretation and application of the Appellate Rules is not new nor has it changed in the past 120 years. In 1889, in the case of *Walker v. Scott*, our Supreme Court stated:

The impression seems to prevail, to some extent, that the Rules of Practice prescribed by this Court are merely directory—that they may be ignored, disregarded and suspended almost as of course. This is a serious mistake. The Court has ample authority to make them. (The Const., Art. IV, sec. 12; The Code, sec. 961; *Rencher v. Anderson*, 93 N.C. 105 [(1885)]; *Barnes v. Easton*, 98 N.C. 116, 3 S.E. 744 [(1887)].) They are deemed essential to the protection of the rights of litigants and the due administration of

**CAPPS v. NW SIGN INDUS. OF N.C., INC.**

[186 N.C. App. 616 (2007)]

justice. They have force, and the Court will certainly see that they have effect and are duly observed, whenever they properly apply.

102 N.C. 487, 490, 9 S.E. 488, 489 (1889).

Nearly eighty years ago, our Supreme Court also stated:

We have held in a number of cases that the rules of this Court, governing appeals, are mandatory and not directory. They may not be disregarded or set at naught (1) by act of the Legislature, (2) by order of the judge of the Superior Court, (3) by consent of litigants or counsel. *The Court has not only found it necessary to adopt them, but equally necessary to enforce them and to enforce them uniformly.*

*Pruitt v. Wood*, 199 N.C. 788, 789-90, 156 S.E. 126, 127 (1930) (emphasis supplied).

" '[V]iolation of the mandatory rules will subject an appeal to dismissal.' " *Hart*, 361 N.C. at 311, 644 S.E.2d at 202 (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)). "[W]hen [our Supreme] Court said an appeal is subject to dismissal for rules violations, it did not mean that an appeal shall be dismissed for any violation. Rather, subject to means that dismissal is one possible sanction." *Id.* at 313, 644 S.E.2d at 203 (internal citations and quotations omitted). Some sanction, other than dismissal, may be appropriate, pursuant to Rule 25(b) or Rule 34 of the North Carolina Rules of Appellate Procedure. *Id.* at 311, 644 S.E.2d at 202.

"[T]he Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Viar v. N.C. DOT*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (citing *Bradshaw v. Stansberry*, 164 N.C. 356, 79 S.E. 302 (1913)). "It is therefore necessary to have rules of procedure and to adhere to them, and if we relax them in favor of one, we might as well abolish them." *Bradshaw*, 164 N.C. at 356, 79 S.E. at 302. In our discretion, we review to determine whether some lesser sanction is appropriate in this appeal.

### 1. Appellate Rule 10(c)(1)

[1] Plaintiff appropriately moved for and argues that defendants' appeal should be dismissed and asserts defendants' brief fails to comply with Rule 10(c)(1) of the North Carolina Rules of Appellate Procedure. We agree.

CAPPS v. NW SIGN INDUS. OF N.C., INC.

[186 N.C. App. 616 (2007)]

The record on appeal contains thirty-four assignments of error made by defendants. Each of these thirty-four assignments of error reference only to the first page of multi-page documents.

Rule 10(c)(1) of the North Carolina Rules of Appellate Procedure states that "[a]n assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, *with clear and specific record or transcript references.*" N.C.R. App. P. 10(c)(1) (2007) (Emphasis supplied).

Broad, vague, and unspecific assignments of error are insufficient to satisfy Rule 10. *See In re Appeal of Lane Co.*, 153 N.C. App. 119, 123, 571 S.E.2d 224, 226-27 (2002) ("Assignments of error [that are] . . . broad, vague, and unspecific . . . do not comply with the North Carolina Rules of Appellate Procedure[.]") Defendants' failure to include clear and specific record references in their assignments of error violates Rule 10(c)(1) of the North Carolina Rules of Appellate Procedure and subjects their appeal to dismissal.

## 2. Appellate Rule 28(b)(6)

[2] Plaintiff also argues defendants' appeal should be dismissed and asserts defendants' brief fails to comply with Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure. We agree.

In the argument section of defendants' brief, defendants set forth five questions presented. Following each of defendants' five questions presented, defendants cite all thirty-four of their assignments of error.

Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure states that "[i]mmediately following each question shall be a reference to the assignments of error *pertinent to the question,* identified by their numbers and by the pages at which they appear in the printed record on appeal." N.C.R. App. P. 28(b)(6) (2007) (Emphasis supplied).

"This Court has noted that when the appellant's brief does not comply with the rules by properly setting forth exceptions and assignments of error with reference to the transcript and authorities relied on under each assignment, it is difficult if not impossible to properly determine the appeal." *Steingress*, 350 N.C. at 66, 511 S.E.2d at 299 (citing *State v. Newton*, 207 N.C. 323, 329, 177 S.E. 184, 187 (1934)). Defendants' failure to reference the assignments of error pertinent to their appeal violates Rule 28(b)(6) of the North Carolina Rules of

**CAPPS v. NW SIGN INDUS. OF N.C., INC.**

[186 N.C. App. 616 (2007)]

Appellate Procedure and subjects their appeal to dismissal. In our discretion, defendants' Appellate Rules violations are sufficiently egregious to warrant dismissal.

### B.  Discretionary Invocation of Appellate Rule 2

**[3]** In light of our Supreme Court's decision in *State v. Hart*, we must determine, in our discretion, whether to invoke and apply Rule 2, despite defendants' appellate rules violations, and review the merits of its appeal. 361 N.C. 309, 644 S.E.2d 201; *see State v. Patterson*, 185 N.C. App. 67, 648 S.E.2d 250 (2007); *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 183 N.C. App. 389, 645 S.E.2d 212 (2007). Under these facts, and in our discretion, we decline to do so.

Rule 2 of the North Carolina Rules of Appellate procedure states:

> To prevent manifest injustice to a party, or to expedite decision in the public interest, either court of the appellate division may, except as otherwise expressly prohibited by these rules, suspend or vary the requirements or provisions of any of these rules in a case pending before it upon application of a party or upon its own initiative, and may order proceedings in accordance with its directions.

N.C.R. App. P. 2 (2007).

Our Supreme Court has stated, Appellate Rule 2 "must be applied cautiously." *Hart*, 361 N.C. at 315, 644 S.E.2d at 205. "Rule 2 relates to the residual power of [the] appellate courts to consider, *in exceptional circumstances*, significant issues of importance in the public interest or to prevent injustice which appears manifest to the court and *only in such instances*." *Id.* at 315-16, 644 S.E.2d at 205 (emphasis supplied) (citations omitted). The decision whether to invoke Appellate Rule 2 is discretionary and is to be limited to "rare" cases in which a fundamental purpose of the appellate rules is at stake. *Id.*

Rule 2 has most consistently been invoked to prevent manifest injustice in criminal cases in which substantial rights of a defendant are affected. *Id.* at 316, 644 S.E.2d at 205 (citing *State v. Sanders*, 312 N.C. 318, 320, 321 S.E.2d 836, 837 (1984)). Nothing in the record or briefs demonstrates "exceptional circumstances" to suspend or vary the rules in order "to prevent manifest injustice to a party, or to expedite decision in the public interest." *Id.* (citation omitted). The dissenting opinion agrees that defendant violated the appellate rules but does not analyze why this appeal presents "exceptional circum-

stances," "significant issues of importance in the public interest," or "affects substantial rights of [the] appellant." *Id.* In the exercise of our discretion, we decline to ignore defendants' uncorrected rules violations, and to invoke Appellate Rule 2.

### III.  Conclusion

Defendants' brief violated the North Carolina Rules of Appellate Procedure. Plaintiff has moved to dismiss defendants' appeal based on these violations. After service of plaintiff's motion, defendants have neither moved to amend the record to correct their assignments of error nor to amend or substitute their brief to correctly identify which assignments of error are pertinent to their questions presented.

" 'The North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will subject an appeal to dismissal.' " *Viar*, 359 N.C. at 401, 610 S.E.2d at 360 (quoting *Steingress*, 350 N.C. at 65, 511 S.E.2d at 299). "[T]he Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule." *Id.* at 402, 610 S.E.2d at 361 (citing *Bradshaw*, 164 N.C. at 356, 79 S.E. at 302). In the exercise of our discretionary authority, we hold defendants' Appellate Rules violations do not warrant lesser sanctions and we decline to invoke Appellate Rule 2. *Hart*, 361 N.C. at 315, 644 S.E.2d at 204-05. Defendants' appeal is dismissed.

Dismissed.

Judge ELMORE concurs.

Judge McGEE dissents by separate opinion.

McGEE, Judge, dissenting.

I do not believe this case should be dismissed and I therefore respectfully dissent from the majority opinion. I believe this case should be heard on its merits and I would impose on Defendants the printing costs of the appeal.

The majority correctly recognizes that our Supreme Court, in *State v. Hart*, 361 N.C. 309, 644 S.E.2d 201 (2007), recently clarified its precedent related to violations of the Rules of Appellate Procedure: "[W]hen this Court said an appeal is 'subject to' dis-

missal for rules violations, it did not mean that an appeal *shall be* dismissed for any violation. Rather, 'subject to' means that dismissal is one possible sanction." *Id.* at 313, 644 S.E.2d at 203 (citation omitted). The majority also correctly recognizes that in *Hart*, our Supreme Court stated that some sanction, other than dismissal, may be appropriate for rules violations. *Id.* at 311, 644 S.E.2d at 202. However, I believe the majority incorrectly concludes that dismissal is the appropriate sanction for Defendants' violations of the Rules of Appellate Procedure.

In *Peverall v. County of Alamance*, 184 N.C. App. 88, 645 S.E.2d 416 (2007), and *McKinley Bldg. Corp. v. Alvis*, 183 N.C. App. 500, 645 S.E.2d 219 (2007), both decided after *Hart*, our Court declined to dismiss the cases based upon multiple violations of the Rules of Appellate Procedure. In *Peverall*, the appellant violated Rule 28(b)(6) by failing to provide the applicable standards of review and by failing to cite authority supporting the appropriate standards of review. *Peverall*, 184 N.C. App. at 91, 645 S.E.2d at 418. The appellant in *Peverall* also violated Rule 28(b)(6) and Rule 10(c)(1) because the appellant's assignments of error in the record and brief incorrectly referenced the record. *Id.* at 91-2, 645 S.E.2d at 418-19.

In *McKinley*, the appellants violated Rule 28(b)(4) by failing to cite a statute permitting appellate review. *McKinley*, 183 N.C. App. at 503-04, 645 S.E.2d at 221. The appellants violated Rule 28(b)(6) by failing to define their proposed standard of review and by failing to cite legal authority in support of that standard of review. *Id.* at 504, 645 S.E.2d at 221. The appellants in *McKinley* also violated Rule 28(b)(6) and Rule 10(c)(1) by failing to provide record and transcript references in support of their lone assignment of error. *Id.* at 504, 645 S.E.2d at 221.

Nevertheless, in both *Peverall* and *McKinley*, our Court determined that the violations of the Rules of Appellate Procedure were not sufficiently egregious to warrant dismissal. *Peverall*, 184 N.C. App. at 92, 645 S.E.2d at 419; *McKinley*, 183 N.C. App. at 504, 645 S.E.2d at 221. Rather, in both cases, our Court ordered the appellants to pay the printing costs of the appeal and, without engaging in a Rule 2 analysis, then addressed the merits. *Peverall*, 184 N.C. App. at 92-4, 645 S.E.2d at 419-22; *McKinley*, 183 N.C. App. at 504-08, 645 S.E.2d at 221-25.

In the present case, Defendants' rules violations are similar to the violations at issue in *Peverall* and *McKinley*. As in *Peverall* and

*McKinley,* I do not believe that the violations in the present case warrant the dismissal of Defendants' appeal. I would impose monetary sanctions on Defendants in the form of the printing costs of the appeal. Having reached the merits, I would affirm the order of the trial court.