CLEMENTINE S. SESSOMS, INDIVIDUALLY, AND CLEMENTINE S. SESSOMS, TRUSTEE v. ARNOLD S. SESSOMS

No. 8418DC1302

(Filed 6 August 1985)

**Appeal and Error §§ 28.1, 40— order appealed from not included—exceptions not included—appeal dismissed**

Plaintiff's appeal was dismissed where the ruling of the trial court was apparently never reduced to a written order, the record on appeal consisted of copies of various pleadings, documents, exhibits and the complete stenographic transcript of the hearing, but did not include a copy of the order appealed from, and plaintiff attached to her brief twenty pages of the transcript on which she had penciled in five exceptions, although her brief referred to exceptions 6 and 7 which did not appear in the transcript submitted with the record or with the copy submitted with her brief. Rules of App. Procedure 2, 9 and 10.

APPEAL by plaintiff from *Daisy, Judge.* Orders entered 7 August 1984 in District Court, GUILFORD County. Heard in the Court of Appeals 6 June 1985.

*Alexander Ralston, Pell & Speckhard by Elreta Alexander Ralston for plaintiff appellant.*

*Hatfield & Hatfield by Kathryn K. Hatfield for defendant appellee.*

COZORT, Judge.

Plaintiff filed a motion in the District Court of Guilford County on 13 July 1984 requesting enforcement of a 24 January 1984 Consent Order entered into by her and defendant, her former husband, which settled the alimony, child support and custody, and division of property issues between the two of them resulting

from their separation and divorce. On 17 July 1984, the defendant filed a motion concerning visitation rights. The motions were heard on 7 August 1984. The trial court ruled on several issues in open court; however, its rulings were apparently never reduced to a written order. On 17 August 1984, the plaintiff filed a notice of appeal from the "Orders of the Court, orally entered in open Court on August 7, 1984."

The record on appeal filed in this Court consists of copies of various pleadings, documents and exhibits, and the complete stenographic transcript of the 7 August 1984 hearing. The record does not contain a copy of the order appealed from. The verbatim transcript does not contain any exceptions to the trial court's rulings or orders entered. The plaintiff has attached to her brief an appendix which includes some twenty (20) pages of the transcript. On the last two pages of the part of the transcript submitted with her brief, plaintiff has penciled in five (5) exceptions. In her brief, plaintiff makes reference to exceptions numbers six (6) and seven (7), which do not appear to be in the transcript submitted with the record or the copy submitted with her brief.

The plaintiff's failure to submit a copy of the purported order from which she appeals is a violation of Appellate Rule 9(a)(1)(viii), which states in clear language that the record on appeal in civil actions shall contain "a copy of the judgment, order or other determination from which appeal is taken." In this case, submission of the transcript of the trial court's statements as to what he will find and order is not sufficient. Likewise, the plaintiff's failure to include any exceptions in the record on appeal or verbatim transcript filed with the record violates Appellate Rule 10(a), which provides that "the scope of review on appeal is confined to a consideration of those exceptions set out in the record on appeal or in the verbatim transcript of proceedings, if one is filed . . . and made the basis of assignments of error in the record on appeal." The plaintiff fails in her attempt to raise exceptions by writing some of them in by hand in the portion of the transcript attached to her brief.

" '[O]nly those who properly appeal from the judgment of the trial divisions can get relief in the appellate divisions.' [Citation omitted.] The Rules of Appellate Procedure are mandatory. [Citation omitted.] They are designed to keep the process of perfecting

an appeal flowing in an orderly manner. [Citation omitted.]" *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E. 2d 357, 361 (1979). Our examination of the record and briefs convinces us that plaintiff's appeal lacks merit and that there is no basis under Appellate Rule 2 upon which we should waive plaintiff's violations of Appellate Rules 9 and 10. Accordingly, plaintiff's appeal is

Dismissed.

Judges WELLS and JOHNSON concur.