CAMPBELL UNIVERSITY, INCORPORATED, PETITIONER v. HARNETT COUNTY AND THE HARNETT COUNTY BOARD OF ADJUSTMENT, RESPONDENTS

CAMPBELL UNIVERSITY, INCORPORATED, PETITIONER v. HARNETT COUNTY AND THE HARNETT COUNTY BOARD OF ADJUSTMENT, RESPONDENTS, AND RICHARD EASON, PHIL M. JUBY, PAULA HINTON, WILL TAYLOR AND ROBERT W. ROBERSON, INTERVENORS-RESPONDENTS

No. COA03-373

(Filed 6 January 2004)

**Appeal and Error— multiple violations of appellate rules— combining two appeals in one brief—appeals dismissed**

Intervenor's appeal was dismissed for numerous violations of the Rules of Appellate Procedure. Petitioner's appeal was dismissed because it failed to file an appellant's brief and thus foreclosed intervenors from filing an appellee's brief addressing petitioner's appeal.

Appeals by intervenor-respondents from order and judgment filed 19 November 2002 and by petitioner from order filed 2 October 2002 and amended order filed 4 October 2002 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 3 December 2003.

*Johnson and Johnson, PA, by W.A. Johnson and Rebecca J. Davidson; and Robert C. Cogswell, Jr., for petitioner-appellant.*

*Dwight W. Snow for respondent-appellees.*

*Bain & McRae, by Edgar R. Bain; and Carolina Courtroom Lawyers, PLLC, by Richard T. Rodgers, Sr., for intervenor-respondent-appellants.*

BRYANT, Judge.

Richard Eason, Phil M. Juby, Paula Hinton, Will Taylor, and Robert W. Roberson (collectively homeowner-intervenors) appeal an order and judgment entered 19 November 2002 in favor of Campbell University, Incorporated (petitioner). Petitioner in turn appeals an order entered 2 October 2002 allowing homeowner-intervenors to intervene and an amendment to the order allowing intervention entered 4 October 2002.

CAMPBELL UNIV., INC. v. HARNETT CTY.

[162 N.C. App. 178 (2004)]

On 12 August 2003, petitioner filed with this Court a motion to dismiss homeowner-intervenors' appeal based on numerous violations of the North Carolina Rules of Appellate Procedure. Upon careful review of homeowner-intervenors' brief and their assignments of error, we agree that the gravity of the violations warrants dismissal of homeowner-intervenors' appeal. *See* N.C.R. App. P. 25(b); *Wiseman v. Wiseman*, 68 N.C. App. 252, 255, 314 S.E.2d 566, 567-68 (1984) ("failure to follow the rules subjects an appeal to dismissal").

We further note that, with respect to its own appeal, petitioner failed to file an appellant's brief. Instead, petitioner discussed all the issues raised by the two separate appeals in its appellee's brief filed in response to homeowner-intervenors' appeal. *See* N.C.R. App. P. 13(a)(1), (c) ("[i]f an appellant fails to file and serve his brief within the time allowed, the appeal may be dismissed . . . on the court's own initiative"). This failure to file an appellant's brief, a violation in and of itself, served to foreclose homeowner-intervenors from filing an appellee's brief addressing petitioner's appeal. In the interest of fairness, we therefore deem it appropriate to also dismiss petitioner's appeal.

Dismissed.

Judges McCULLOUGH and ELMORE concur.