W.A. HOLLAND, JR., Plaintiff v. DANIEL L. HEAVNER, DANIEL LEE, R. GENE DAVIS, JR., ANTHONY E. FLANAGAN, and CHARLES F. BOX, III, Defendants

No. COA03-811

(Filed 4 May 2004)

**Appeal and Error— appellate rules violations—untimely brief—failure to reference—failure to identify assignment of error**

Defendants' appeal from a judgment ordering them to pay $25,000 in earnest money from an option contract is dismissed based on failure to comply with the appellate rules, because: (1) defendants failed to timely file their brief as required by N.C. R. App. P. 13; (2) defendants failed to comply with N.C. R. App. P. 28 since their brief failed to make any reference to the record, the testimony, or exhibits, and defendants failed to indicate the assignment of error relevant to each argument and failed to identify any assignment of error by its number or the page where it appears in the record; and (3) the Court of Appeals declines to apply N.C. R. App. P. 2 to reach the merits of this appeal since there are no exceptional circumstances, significant issues, or manifest injustices that would be corrected by review of the merits of this appeal.

Appeal by defendants R. Gene Davis, Jr., and Anthony E. Flanagan from judgment entered 7 January 2003 by Judge Knox V. Jenkins, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 30 March 2004.

*No brief filed for plaintiff-appellee.*

*Narron, O'Hale & Whittington, P.A., by James W. Narron and Jason W. Wenzel, for defendants-appellees Daniel L. Heavner and Daniel Lee.*

*Davis Bibbs & Smith, PLLC, by David C. Smith, for defendants-appellants.*

*No brief filed for defendant-appellee Charles F. Box, III.*

TYSON, Judge.

R. Gene Davis, Jr. ("Davis"), and Anthony E. Flanagan ("Flanagan") appeal from a judgment entered ordering them to pay

Daniel L. Heavner ("Heavner") and Daniel Lee ("Lee") $25,000.00 in earnest money from an option contract. For the reasons set forth below, we dismiss this appeal.

## I. Background

On 5 February 2002, Heavner and Lee entered into an offer to purchase and an accompanying option to purchase with Dr. Preston H. and Judy P. Bradshaw (the "Bradshaws") for eighteen residential properties located in and around the City of Rocky Mount, Nash and Edgecombe Counties, North Carolina ("the properties"). While under contract with the Bradshaws, Heavner and Lee began marketing the properties in several newspapers. Davis and Flanagan responded to this advertising and Lee explained to Davis the nature of the transaction. Lee also faxed Davis copies of all documents pertaining to the 5 February 2002 contractual agreement among Heavner, Lee, and the Bradshaws.

On 28 February 2002, Davis, Flanagan, Heavner, and Lee entered into an agreement, wherein Davis and Flanagan contracted and agreed with Heavner and Lee to purchase the properties under the terms of the 5 February 2002 contractual relationship among Heavner, Lee, and the Bradshaws. Pursuant to this assignment, Davis and Flanagan remitted $25,000.00 to W.A. Holland, Jr. ("Holland"), in trust as consideration to take Heavner and Lee's position.

On 5 March 2002, Davis informed the Bradshaws of his and Flanagan's intent to purchase the properties and acknowledged the relationship among Heavner, Lee, and the Bradshaws. Closing was set for 11 March 2002. Closing did not occur due to delays caused by Davis and Flanagan, their agents, and employees. Due to their delays, Dr. Bradshaw declared the contract null and void on 20 March 2002.

Holland initiated this action to determine the proper party entitled to receipt of the $25,000.00 earnest money. On 7 January 2003, following a bench trial, the trial court issued a judgment ordering that Heavner and Lee were entitled to the earnest money. Davis and Flanagan filed notice of appeal on 16 January 2003.

Davis and Flanagan moved for an extension of time to file their brief with this Court. We granted the motion and ordered their brief to be filed on or before 2 September 2003. Davis and Flanagan had not filed their brief by 18 September 2003, and Heavner and Lee moved to dismiss the appeal. The motion was served on Davis and Flanagan,

who filed their brief with this Court on 25 September 2003. Davis and Flanagan have moved this Court to issue an order declaring that their brief had been timely filed.

## II.  Issue

The issue is whether this appeal should be dismissed because of Davis and Flanagan's numerous violations of the North Carolina Rules of Appellate Procedure ("appellate rules").

## III.  North Carolina Rules of Appellate Procedure

Heavner and Lee argue this Court should dismiss Davis and Flanagan's appeal because of their failure to comply with the appellate rules. We agree and grant Heavner and Lee's motion to dismiss.

"The appellate courts of this state have long and consistently held that the rules of appellate practice, now designated the Rules of Appellate Procedure, are *mandatory* and that failure to follow these rules will subject an appeal to dismissal." *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999) (citations omitted) (emphasis supplied). Our Supreme Court has consistently recognized, for nearly a hundred years " '[i]t is, therefore, necessary to have rules of procedure and to adhere to them, and if we relax them in favor of one, we might as well abolish them.' " *Id.* (quoting *Bradshaw v. Stansberry*, 164 N.C. 356, 79 S.E. 302 (1913)). In *Steingrass*, our Supreme Court upheld this Court's dismissal of the defendant's appeal for multiple appellate rule violations. 350 N.C. at 64, 511 S.E.2d at 298.

Recently, this Court addressed the implications of violating the appellate rules. *Campbell University v. Harnett County*, 162 N.C. App. 178, 589 S.E.2d 890 (2004). We dismissed not only the homeowners-intervenors' appeal, but also the petitioner's cross-appeal for failure to comply with the appellate rules. *Id.* Here, Davis and Flanagan similarly violated numerous appellate rules.

## A.  Rule Violations

## 1.  Failure to Timely File

Rule 13 of the appellate rules requires the appellant in noncapital cases to file his brief in the appellate court clerk's office within thirty days after the appellate court clerk has mailed the printed record. N.C.R. App. P. 13(a) (2004). An appellant may request from this Court

**HOLLAND v. HEAVNER**

[164 N.C. App. 218 (2004)]

an extension of time pursuant to N.C.R. App. P. 27(c)(2) (2004). "If an appellant fails to file and serve his brief within the time allowed, the appeal may be dismissed . . . ." N.C.R. App. P. 13(c) (2004).

Here, Davis and Flanagan moved for and were granted an extension of time until 2 September 2003 to file their brief. On 18 September 2003, sixteen days after the required filing date expired, Davis and Flanagan had failed to file their brief. Heavner and Lee moved to dismiss Davis and Flanagan's appeal for failure to timely file a brief. Davis and Flanagan, the appellants and parties that assign error to the trial court below, failed to file their brief until after receiving Heavner and Lee's motion to dismiss. Davis and Flanagan filed their brief on 25 September 2003, *twenty-three days after* the required date, and one week after Heavner and Lee filed their motion to dismiss.

In response, Davis and Flanagan argue their failure to timely file was a result of "administrative oversight." Even accepting this contention, Davis and Flanagan's brief violates other appellate rules.

## 2. Rule 28

Rule 28 of the appellate rules requires that an appellate brief contain a "non-argumentative summary of all material facts . . . supported by references to pages in the transcript of proceedings, the record on appeal, or exhibits . . . ." N.C.R. App. P. 28(b)(5) (2004). The argument section must "reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal." N.C.R. App. P. 28(b)(6) (2004). Further, "evidence . . . material to the question presented may be narrated or quoted in the body of the argument, with appropriate reference to the record on appeal or the transcript . . . ." *Id.* "[The North Carolina Supreme Court] has noted that when the appellant's brief does not comply with the rules by properly setting forth exceptions and assignments of error with reference to the transcript and authorities relied on under each assignment, it is difficult if not impossible to properly determine the appeal." *Steingress,* 350 N.C. at 66, 511 S.E.2d at 299 (citing *State v. Newton,* 207 N.C. 323, 329, 177 S.E. 184, 187 (1934)).

Here, Davis and Flanagan's brief fails to make any reference to the record, the 189 pages of testimony, or any of the sixteen exhibits, which include several documents totaling over 100 pages. Neither their statement of facts nor portions of their argument refer to this

material. Additionally, Davis and Flanagan failed to indicate the assignment of error relevant to each argument, and failed to identify any assignment of error by its number or the page where it appears in the record. Without reference to the assignment of error or the relevant portions of the record, transcript, or exhibits, "it is difficult if not impossible to properly determine the appeal." *Steingress*, 350 N.C. at 66, 511 S.E.2d at 299.

Considering the numerous appellate rule violations in Davis and Flanagan's brief, in addition to the fact Heavner and Lee moved to dismiss, Davis and Flanagan's assertion of "administrative oversight" does not excuse egregious rule violations.

### B. Rule 2

On occasion, our Court has agreed to reach the merits of an appeal, despite violations of the appellate rules, by exercising its discretion under N.C.R. App. P. 2. Rule 2 allows an appellate court to "suspend or vary the requirements or provisions of any of these rules in a case pending before it . . . ." N.C.R. App. P. 2 (2004). "Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court and *only in such instances.*" *Steingress*, 350 N.C. at 66, 511 S.E.2d at 299-300 (emphasis supplied). In *Sessoms v. Sessoms*, this Court examined the record and briefs, concluded the plaintiff's appeal lacked merit, and dismissed the appeal. 76 N.C. App. 338, 340, 332 S.E.2d 511, 513 (1985). We specifically held, "there is no basis under Appellate Rule 2 upon which we should waive plaintiff's violations of Appellate Rules . . . ." *Id.*

There are no exceptional circumstances, significant issues, or manifest injustices that would be corrected by our review of the merits of this appeal. We are not persuaded to waive Davis and Flanagan's numerous violations of the appellate rules and decline to apply Rule 2.

### IV. Conclusion

"The appellate rules are promulgated by our Supreme Court pursuant to the rule-making authority conferred by Article IV, § 13(2) of the Constitution of North Carolina." *Shook v. County of Buncombe*, 125 N.C. App. 284, 286, 480 S.E.2d 706, 707 (1997). *Several* of the appellate rules grant the appellate courts the authority to dismiss an appeal for failure to comply with the requirements set forth therein.

*See* N.C.R. App. P. 13(c) (2004); N.C.R. App. P. 14(d)(2) (2004) ("If an appellant fails to file and serve his brief within the time allowed, the appeal [to the Supreme Court] may be dismissed on motion of any appellee . . . ."); N.C.R. App. P. 25(a) (2004) ("If after giving notice of appeal . . . the appellant shall fail within the times allowed by these rules or by order of court to take any action . . . the appeal may on motion of any other party be dismissed.); N.C.R. App. P. 28(a) (2004). The Supreme Court recognizes this authority and has affirmed our dismissals for appellate rule violations. *See Steingress*, 350 N.C. at 64, 511 S.E.2d at 298; *see also Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979); *Walter Corporation v. Gilliam*, 260 N.C. 211, 213, 132 S.E.2d 313, 315 (1963); *Woodburn v. N.C. State Univ.*, 156 N.C. App. 549, 551, 577 S.E.2d 154, 156, *disc. rev. denied*, 357 N.C. 470, 584 S.E.2d 296 (2003) (granting motion to strike documents that were included in the record in violation of the appellate rules).

" 'Counsel is not permitted to decide upon his own enterprise how long he will wait to take his next step in the appellate process.' " *Craver*, 298 N.C. at 236, 258 S.E.2d at 361 (quoting *Ledwell v. County of Randolph*, 31 N.C. App. 522, 523, 229 S.E.2d 836, 837 (1976)). We grant Heavner and Lee's motion to dismiss and deny Davis and Flanagan's motion for an order that their brief be deemed timely filed.

Dismissed.

Judges HUNTER and BRYANT concur.