**HILL v. WEST**

[177 N.C. App. 132 (2006)]

HAYDEN HILL, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, HARVEY GENE HILL,
JR. AND REGINA HILL, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF THE
MINOR, HAYDEN HILL, PLAINTIFFS v. TERESA HENSON WEST, C.F. WEST, INC.,
CHARLES F. WEST, SR., ANNETTE WEST, CHARLES F. WEST, JR. AND RICHARD
LESTER, DEFENDANTS

No. COA05-815

(Filed 4 April 2006)

**1. Appeal and Error— preservation of issues—no assignment of error—no argument in brief**

A matter to which error was not assigned and about which there was no argument in the brief was deemed abandoned.

**2. Appeal and Error— Appellate Rules violations—Rule 2 not invoked**

Appellate Rule 2 was not invoked where plaintiffs' brief had no statement of the grounds for appellate review and there were no exceptional circumstances, significant issues, or manifest injustices to warrant invocation of Appellate Rule 2.

**3. Appeal and Error— appealability—partial summary judgment—dismissal without prejudice of remaining claim—appeal not allowed**

An appeal was dismissed as interlocutory where plaintiffs consented to dismissal of the remaining defendant in an automobile accident case without prejudice and then attempted to appeal a summary judgment which had been granted for the other defendants. The consent order was not a final judgment because plaintiffs have the opportunity to refile; counsel was attempting to manipulate the Rules of Civil Procedure to do indirectly what could not be done directly and achieve a result never intended by the General Assembly.

Appeal by plaintiffs from orders entered 28 October 2003 and 19 April 2005 by Judge Knox V. Jenkins, Jr. in Johnston County Superior Court. Heard in the Court of Appeals 11 January 2006.

*Lucas, Bryant, Denning & Ellerbe, P.A., by Sarah Ellerbe, for plaintiff-appellants.*

*Bailey & Dixon, L.L.P., by Patricia P. Kerner and Kenyann Brown Stanford, for defendant-appellees.*

SMITH, Judge.

Harvey Gene Hill, Jr., Regina Hill and Hayden Hill (collectively plaintiffs) appeal from orders entered 28 October 2003 and 19 April 2005. The 28 October 2003 order dismissed with prejudice the actions against C.F. West, Inc., Charles F. West, Sr. and Annette West. The 19 April 2005 order is a consent order which dismissed without prejudice the action against Teresa Henson West.

This litigation arose as a result of a traffic accident occurring when defendant Teresa Henson West, who was intoxicated, crossed over a highway median while driving a van owned by defendant C.F. West, Inc. A detailed summary of the facts from our unpublished opinion can be found at *Hill v. West*, 2005 N.C. App. LEXIS 327 (unpublished) (February 15, 2005) (First Appeal-*Hill I*).

Plaintiffs instituted this action on 16 October 2002, seeking damages for personal injuries arising from the motor vehicular accident 21 January 2001 involving Teresa Henson West. Plaintiffs' original complaint included causes of action for negligence against defendant Teresa Henson West for negligent operation of a van owned by defendant C.F. West, Inc. and causes of action against C.F. West, Inc., Charles F. West, Sr., Annette West, and Charles F. West, Jr. for negligent entrustment of the van to Teresa Henson West.

On 18 December 2002, plaintiffs amended their complaint to include Richard Lester, an employee of C.F. West, Inc., who left keys to the van in the unlocked vehicle parked at the home of Charles F. West, Sr. and Annette West. On 19 December 2002, defendants denied the allegations of negligence and filed a motion to dismiss the amended complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) for failure to state a claim upon which relief might be granted. On 17 February 2003, defendants' 12(b)(6) motion to dismiss was granted as to Charles F. West, Jr. and Richard Lester, but denied as to all remaining defendants. On 28 October 2003, the Honorable Knox V. Jenkins entered summary judgment for defendants C.F. West, Inc., Charles F. West, Sr. and Annette West. On 15 February 2005, this Court filed its unpublished opinion that the First Appeal was interlocutory and that no substantial right would be lost by plaintiffs in the absence of an immediate appeal. *Hill I*. This Court also stated in *Hill I* that "[p]laintiffs' brief in violation of Rule 28(b)(4), fail[ed] to include a statement of grounds for appellate review[.]" *Id.* On 19 April 2005, Judge Jenkins signed and entered a consent order dismissing the remaining claims against defendant Teresa Henson West

without prejudice, "thereby resolving all claims against all remaining defendants."

[1] Plaintiffs appeal the order entered 28 October 2003 which dismissed with prejudice the action against C.F. West, Inc., Charles F. West, Sr. and Annette West. Plaintiffs' notice of appeal indicates they also appeal from the consent order dated 19 April 2005. Because plaintiffs fail to assign error to the April 2005 consent order, or argue this issue in their brief on appeal, we deem this matter abandoned as it is not entitled to appellate review. N.C.R. App. P. 28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

[2] Once again, plaintiffs' brief has no statement of the grounds for appellate review in violation of Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 28(b)(4). This Court may vary the requirements of the Rules of Appellate Procedure to "prevent manifest injustice." N.C.R. App. P. 2. Our Supreme Court has stated that "Rule 2 relates to the residual power of our appellate courts to consider, in exceptional circumstances, significant issues of importance in the public interest, or to prevent injustice which appears manifest to the Court and only in such instances." *Steingress v. Steingress*, 350 N.C. 64, 66, 511 S.E.2d 298, 299-300 (1999) (citing *Blumenthal. v. Lynch*, 315 N.C. 571, 578, 340 S.E.2d 358, 362 (1986)). This Court has repeatedly held that " 'there is no basis under Appellate Rule 2 upon which we should waive [] violations of Appellate Rules . . . .' " *Holland v. Heavner*, 164 N.C. App. 218, 222, 595 S.E.2d 224, 227 (2004) (quoting *Sessoms v. Sessoms*, 76 N.C. App. 338, 340, 332 S.E.2d 511, 513 (1985)).

This Court in *Hill I*, admonished plaintiffs for failing to include a statement of the grounds for appellate review, and dismissed that appeal as interlocutory. Our review in the present case fails to establish any "exceptional circumstances," "significant issues," or "manifest injustice" to warrant suspension of the Appellate Rules and we decline to reach the merits of the case under Rule 2. Our Supreme Court has recently stated "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant. . . . [T]he Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless[.]" *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (citing *Bradshaw v. Stansberry*, 164 N.C. 356, 79 S.E. 302 (1913)).

**[3]** In addition, we believe that by entering into the consent order as to Teresa Henson West, counsel are manipulating the Rules of Civil Procedure in an attempt to appeal the 2003 summary judgment that otherwise would not be appealable.

Rule 54(a) of the North Carolina Rules of Civil Procedure provides that "[a] judgment is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2005). Subsection (b) allows appeal if the specific action of the trial court from which appeal is taken is final. N.C. Gen. Stat. § 1A-1, Rule 54(b) (2005). The Rules of Civil Procedure permit a plaintiff to take one voluntary dismissal on an action "by filing a notice of dismissal at any time before the plaintiff rests his case, or [] by filing a stipulation of dismissal signed by all parties[.]" N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2005).

When plaintiffs originally appealed from the order granting summary judgment to defendants C.F. West, Inc., Charles F. West, Sr., and Annette West, we dismissed the appeal as interlocutory because the underlying lawsuit was still pending with respect to Teresa Henson West. (*Hill I*). After this Court dismissed the interlocutory appeal, the trial court signed and entered the consent order in which the parties agreed to the voluntary dismissal without prejudice of all claims against Teresa Henson West pursuant to N.C.R. Civ. P. 41(a)(1). Two weeks after the voluntary dismissal, plaintiffs noticed appeal, again seeking this Court's review of the 2003 summary judgment.

In our view, the consent order of 19 April 2005 is not a "final" judgment as contemplated by Rule 54, as it is not a "final determination of the rights of the parties" because plaintiffs' rights as to Teresa Henson West have not been determined. Rather, plaintiffs' rights as to Teresa Henson West are "in limbo" as plaintiffs still have the opportunity to refile their action against her. This is apparently an attempt to obtain appellate review of the 2003 summary judgment by taking a dismissal without prejudice as to Teresa Henson West. The only perceived purpose of the consent order is to appeal an order that is in fact, not final.

The consent order filed herein provides, in part:

9. This Court specifically orders, with the consent of all parties, that if this case is remanded for trial, all claims against Teresa Henson West may be reinstated as the Plaintiffs deem necessary and that the prior dismissals without prejudice will not be pled as a bar to said claims.

**IN RE D.S., S.S., F.S., M.M., M.S.**

[177 N.C. App. 136 (2006)]

This language reveals the order is not a "final" order as to Teresa Henson West within the meaning of N.C. Gen. Stat. § 1A-1, Rule 54. If we assume that N.C. Gen. Stat. § 1A-1, Rule 54 is not violative of N.C. Const. Art. IV, sec. 13(2), which we doubt, *see State v. Elam*, 302 N.C. 157, 273 S.E.2d 661 (1981); *State v. O'Neal*, 77 N.C. App. 600, 335 S.E.2d 920 (1985), it is our belief that in enacting N.C. Gen. Stat. § 1A-1, Rule 54, the General Assembly never contemplated or intended that parties would be allowed an appeal under the circumstances in the case *sub judice*. If we were to entertain an appeal under these circumstances, an appeal would be possible from every interlocutory ruling which disposes of one or more claims as to one or more parties by taking a dismissal without prejudice as to the other parties and claims and later refiling the action. This was never intended by the General Assembly and will not be permitted.

Counsel in the case at bar are violating the spirit of our Rules and are attempting to do indirectly what they cannot do directly. This appeal is dismissed for violation of N.C.R. App. P. 28(b)(4) and for the reason that no *final* determination of the plaintiffs' rights as to Teresa Henson West has been made in the trial court pursuant to N.C. Gen. Stat. § 1A-1, Rule 54.

Appeal dismissed.

Judges BRYANT and CALABRIA concur.