DOGWOOD DEVELOPMENT AND MANAGEMENT COMPANY, LLC, PLAINTIFF V.
WHITE OAK TRANSPORT COMPANY, INC., DEFENDANT

No. COA06-1073

(Filed 5 June 2007)

**Appeal and Error— appellate rules violations—dismissal of appeal**

Defendant's appeal from judgment and order entered after a jury found it had breached a contract with plaintiff is dismissed based on numerous appellate rules violations, because: (1) defendant failed in its original record on appeal and in its addendum to the record on appeal to reference the record or transcripts as required by N.C. R. App. P. 10(c)(1); (2) defendant failed to refer to the assignments of error in its arguments as required by N.C. R. App. P. 28(b)(6); (3) defendant failed to state the grounds for appellate review in the argument section of its brief as required by N.C. R. App. P. 28(b)(4); (4) defendant failed to state the applicable standard of review for each question presented as required by N.C. R. App. P. 28(b)(6); (5) the Court of Appeals declined to exercise its discretion under N.C. R. App. P. 2 when defendant failed to respond to plaintiff's motion to dismiss and failed to correct the violations plaintiff identified; and (6) nothing in the record or briefs demonstrates the need to disregard the rules violations to prevent manifest injustice or to expedite decision in the public interest.

Judge HUNTER dissenting.

Appeal by defendant from judgment and order entered 3 January 2006 and order entered 2 March 2006 by Judge Howard R. Greeson, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 24 April 2007.

*J. Dennis Bailey, for plaintiff-appellee.*

*Steven D. Smith, for defendant-appellant.*

TYSON, Judge.

White Oak Transport Company, Inc. ("defendant") appeals from judgment and order entered after a jury found it had breached a contract with Dogwood Development and Management Company, LLC ("plaintiff"). Defendant also appeals from order entered denying its

motion for judgment notwithstanding the verdict ("JNOV") pursuant to N.C. Gen. Stat. § 1A-1, Rule 50 and its motion for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) and (8). We dismiss defendant's appeal.

## I. Background

On 29 April 2004, plaintiff filed suit against defendant for breach of contract. Plaintiff alleged: (1) defendant hauled waste for Republic Services of North Carolina, LLC ("Republic") from plaintiff's waste transfer station; (2) Republic paid defendant $10.00 per ton hauled; (3) defendant agreed to pay plaintiff $.50 per ton hauled; and (4) defendant breached its agreement with plaintiff.

On 26 September 2005, the matter was tried before a jury and the jury found: (1) plaintiff and defendant entered into a contract; (2) defendant breached the contract; and (3) plaintiff was entitled to recover $155,365.00 from defendant. The trial court entered a judgment and order on 3 January 2006.

On 13 January 2006, defendant moved for JNOV pursuant to N.C. Gen. Stat. § 1A-1, Rule 50 and for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) and (8). The trial court denied defendant's motions by order entered 2 March 2006. Defendant appeals from both the judgment and orders entered 3 January 2006 and 2 March 2006.

## II. Motion to Dismiss for Appellate Rules Violations

On 20 December 2006, plaintiff moved this Court to dismiss defendant's appeal for numerous appellate rule violations. Defendant failed to respond to plaintiff's motion or to correct the violations plaintiff identified. "The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dismissal.' " *Viar v. N.C. DOT*, 359 N.C. 400, 401, 610 S.E.2d 360, 360 (2005) (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)). Our Supreme Court stated:

> It is not the role of the appellate courts . . . to create an appeal for an appellant. As this case illustrates, the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule.

*Id.* at 402, 610 S.E.2d at 361. Defendant's numerous appellate rule violations "subject [its] appeal to dismissal." *Viar*, 359 N.C. at 401, 610 S.E.2d at 360 (internal quotation omitted). Plaintiff's motion to

dismiss defendant's appeal is granted for the reasons set forth in this opinion.

### A. Assignments of Error Lack Clear and Specific Record or Transcript References

Plaintiff argues defendant's appeal should be dismissed for its failure to reference the record or transcripts in violation of Rule 10(c) of the North Carolina Rules of Appellate Procedure. We agree.

Under Appellate Rule 10, "An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, *with clear and specific record or transcript references*." N.C.R. App. P. 10(c)(1) (2007) (emphasis supplied). This Court has stated:

> An assignment of error violates Appellate Rule 10(c)(1) if it does not: (1) state "without argumentation;" (2) specify the "legal basis upon which error is assigned;" and (3) "direct the attention of the appellate court to the particular error about which the question is made, with clear and specific transcript references."

*Jones v. Harrelson & Smith Contrs., LLC*, 180 N.C. App. 478, 485-86, 638 S.E.2d 222, 228 (2006) (quoting *Bustle v. Rice*, 116 N.C. App. 658, 659, 449 S.E.2d 10, 10-11 (1994)).

Here, none of defendant's assignments of error in the original record on appeal nor those in the addendum to the record on appeal contain any "clear and specific record or transcript references." N.C.R. App. P. 10(c)(1).

Defendant asserted six assignments of error in the original record on appeal:

> 1. The Court's granting Plaintiff judgment from Defendant in the sum of $155,365.00, plus interest which shall accrue at the legal rate from December 31, 2004, until paid and costs in the amount of $1,426.14 to be taxed against the Defendant.
>
> 2. The Court's denying Defendant's Motion For Judgment Notwithstanding the Verdict under Rule 50 of the North Carolina Rules of Civil Procedure and Defendant's Motion For New Trial pursuant to Rule 59(a) (7) and (8) of the North Carolina Rules of Civil Procedure.
>
> 3. The Court's allowance of the Plaintiff's Request for special Jury Instructions filed on September 28, 2005.

4. The Court's failure to instruct the Jury that the total damages could NOT exceed $5,000.00 pursuant to N.C.G.S. § 25-2-205.

5. The Court's failure to grant the Defendant's Motion For Directed Verdict pursuant to Rule 50 at the end of Plaintiff's evidence.

6. The Court's failure to grant the Defendant's Motion For Directed Verdict at the end of all evidence.

Defendant filed an addendum to the record on appeal and asserts four assignments of error that are identical to the first four of its six assignments of error in its original record on appeal.

Defendant's failure to provide record or transcript references with any of its assignments of error warrants dismissal of its appeal. *See Munn v. N.C. State Univ.*, 173 N.C. App. 144, 151, 617 S.E.2d 335, 339 (2005) (Jackson, J., dissenting) (When appellant "makes no attempt to direct the attention of this Court to any portion of the record on appeal or to the transcript with any references thereto[] . . . his appeal must be dismissed for failure to follow our mandatory Rules of Appellate Procedure."), *rev'd per curiam*, 360 N.C. 353, 626 S.E.2d 270 (2006); *see also Jones*, 180 N.C. App. at 485, 638 S.E.2d at 228-29 (Dismissing assignments of error in part for failure to include specific record or transcript pages with assignments of error.).

### B.  Defendant's Other Appellate Rules Violations

Plaintiff also argues defendant's appeal should be dismissed because defendant's brief fails to comply with Rule 28 of the North Carolina Rules of Appellate Procedure. We agree.

### 1.  Failure to Refer to the Assignments of Error

In the argument section of defendant's brief, defendant stated the question presented but failed to reference any assignments of error pertinent to the question. Appellate Rule 28(b)(6) provides, in relevant part, that an appellate brief "shall contain":

An argument, to contain the contentions of the appellant with respect to each question presented. Each question shall be separately stated. *Immediately following each question shall be a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal.*

N.C.R. App. P. 28(b)(6) (2007).

**DOGWOOD DEV. & MGMT. CO. v. WHITE OAK TRANSP. CO.**

[183 N.C. App. 389 (2007)]

Defendant's failure to reference assignments of error in its arguments violates Appellate Rule 28(b)(6) and warrants dismissal of its appeal. *See Hines v. Arnold*, 103 N.C. App. 31, 37-38, 404 S.E.2d 179, 183 (1991) (Appeal dismissed in part for failure "to reference in [the appellant's] brief the assignment of error supporting the argument."); *see also Holland v. Heavner*, 164 N.C. App. 218, 222, 595 S.E.2d 224, 227 (2004) (Appeal dismissed in part because the appellant "failed to indicate the assignment of error relevant to each argument, and failed to identify any assignment of error by its number or the page where it appear[ed] in the record.").

### 2. Failure to State Grounds for Appellate Review

Defendant also failed to state the grounds for appellate review in the argument section of its brief. Appellate Rule 28(b)(4) provides, in relevant part, that an appellate brief "shall contain . . . [a] statement of the grounds for appellate review. Such statement shall include citation of the statute or statutes permitting appellate review." N.C.R. App. P. 28(b)(4) (2007).

Defendant's failure to state the grounds for appellate review violates Appellate Rule 28(b)(4) and warrants dismissal of its appeal. *See Stann v. Levine*, 180 N.C. App. 1, 4, 636 S.E.2d 214, 216 (2006) (Appeal dismissed in part because "[p]laintiff failed to provide either the statement of grounds for appellate review or citation of any statute permitting such review."); *see also Hill v. West*, 177 N.C. App. 132, 135-36, 627 S.E.2d 662, 664 (2006) (Appeal dismissed because the appellant failed to include a statement of grounds for appellate review and no final determination of the parties' rights had been made pursuant to N.C. Gen. Stat. § 1A-1, Rule 54.).

### 3. Failure to State the Standard of Review

In the argument section of defendant's brief, it also failed to state the applicable standard of review for each question presented. Appellate Rule 28(b)(6) provides, in relevant part, that an appellate brief "shall contain . . . a concise statement of the applicable standard(s) of review for each question presented," as well as any citation of authorities supporting such a standard of review. N.C.R. App. P. 28(b)(6) (2007).

Defendant's failure to state the applicable standard of review for each question presented violates Appellate Rule 28(b)(6) and warrants dismissal of its appeal. *Stann*, 180 N.C. App. at 4, 636 S.E.2d at 216 (Appeal dismissed in part because the appellant failed to state the

applicable standard of review.); *see State v. Summers*, 177 N.C. App. 691, 609, 629 S.E.2d 902, 908 (2006) (One of the appellant's arguments dismissed due to failure to include a statement of the applicable standard of review.), *appeal dismissed and disc. rev. denied*, 360 N.C. 653, 637 S.E.2d 192 (2006).

## C. Discretionary Invocation of Rule 2

In light of our Supreme Court's recent decision in *State v. Hart*, we must determine whether or not to invoke and apply Rule 2 of the North Carolina Rules of Appellate Procedure to excuse defendant's appellate rules violations and review the merits of its appeal. 361 N.C. 309, 315, —— S.E.2d ——, —— (2007). We decline to do so.

In *Hart*, our Supreme Court held, "the *Viar* holding does not mean that the Court of Appeals can no longer apply Rule 2 at all." 361 N.C. at 315, —— S.E.2d at —— (internal citation omitted). Our Supreme Court stated:

> The text of Rule 2 provides two instances in which an appellate court *may* waive compliance with the appellate rules: (1) [t]o prevent *manifest injustice* to a party; and (2) *to expedite decision in the public interest*. While it is certainly true that Rule 2 has been and may be so applied *in the discretion of the Court*, we reaffirm that Rule 2 relates to the residual power of our appellate courts to consider, *in exceptional circumstances*, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court *and only in such instances*.

*Id*. at 315, —— S.E.2d at —— (emphasis supplied) (internal quotations and citations omitted). The Supreme Court also noted "Rule 2 must be applied cautiously." *Id*. at 315, —— S.E.2d at ——. Based upon the Supreme Court's holding in *Hart*, in our discretion we consider whether or not to apply Rule 2.

We decline to exercise our discretion, overlook defendant's rule violations, and exercise Rule 2 under the circumstances at bar. Defendant failed to respond to plaintiff's motion to dismiss and failed to correct the violations plaintiff identified. Nothing in the record or briefs demonstrates the need to disregard the rules violations "[t]o prevent manifest injustice" or "to expedite decision in the public interest." N.C.R. App. P. 2 (2007). Unlike in *Hart*, the appeal here is from a civil case. 361 N.C. at 316-17, —— S.E.2d at —— ("Although this Court has exercised Rule 2 in civil cases . . . the Court has done so

DOGWOOD DEV. & MGMT. CO. v. WHITE OAK TRANSP. CO.

[183 N.C. App. 389 (2007)]

more frequently in the criminal context when severe punishments were imposed.").

Also, unlike in *Hart*: (1) we are not dismissing defendant's appeal *ex mero moto*; (2) plaintiff has moved to dismiss the appeal for numerous appellate rule violations; (3) defendant failed to respond to plaintiff's motion; and (4) there are multiple and egregious rule violations instead of one violation as in *Hart*.

The dissenting opinion states, "when rules violations do not impede an evaluation of the case on the merits, the appropriate remedy should not be dismissal, but rather the imposition of monetary sanctions." This same argument was asserted by the this Court's majority's opinion in *Viar v. N.C. Dep't of Transp.*, 162 N.C. App. 362, 375, 590 S.E.2d 909, 919 (2004), *vacated and dismissed per curiam*, 359 N.C. 400, 610 S.E.2d 360 (2005). Our Supreme Court rejected the argument and stated:

> The Court of Appeals majority asserted that plaintiff's Rules violations did not impede comprehension of the issues on appeal or frustrate the appellate process. It is not the role of the appellate courts, however, to create an appeal for an appellant. As this case illustrates, the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule.

*Id.* at 402, 610 S.E.2d at 361.

Defendant wholly failed to respond to plaintiff's motion and failed to correct the appellate rule violations plaintiff identified. No showing is made and the record does not indicate any reasons to justify this Court's invocation of its discretionary power under Appellate Rule 2. We decline to review the merits of defendant's appeal pursuant to Appellate Rule 2.

### III. Conclusion

Upon plaintiff's motion, defendant's appeal is dismissed for its multiple failures to comply with the appellate rules. "The North Carolina Rules of Appellate Procedure are mandatory and failure to follow these rules will subject an appeal to dismissal." *Id.* at 401, 610 S.E.2d at 360 (internal quotation omitted).

"It is not the role of the appellate courts . . . to create an appeal for an appellant." *Id.* at 402, 610 S.E.2d at 361. In the absence of any

showing by defendant and in the exercise of our discretion, we decline to suspend the rules and invoke Appellate Rule 2 to reach the merits of defendant's appeal. The appropriate sanction for defendant's multiple rule violations is dismissal of its appeal. Defendant's appeal is dismissed.

Dismissed.

Judge CALABRIA concurs.

Judge HUNTER dissents by separate opinion.

HUNTER, Judge, dissenting.

In light of the Supreme Court's recent opinion in *State v. Hart*, 361 N.C. 309, 644 S.E.2d 201 (2007), and the appellate rules it emphasizes, I believe the Court should hear this case on its merits and impose monetary sanctions on appellant rather than dismissing the case. I therefore respectfully dissent.

The Supreme Court in *Hart* "disavow[s]" this Court's application of the holding in *Viar v. N.C. Dep't of Transportation*, 359 N.C. 400, 610 S.E.2d 360 (2005) (per curiam), which mandated restraint of this Court's use of Rule 2 of the North Carolina Rules of Appellate Procedure and led to our dismissing many cases on the basis of rules violations. As the majority in this case correctly states, *Hart* emphasizes that Rule 2 is to be used only on rare occasions in which a "fundamental purpose" of the rules is at stake, and authorizes this Court to exercise its discretion to suspend or alter the rules only when doing so works "toward the greater objective of the rules."

More importantly, though, *Hart* reminds this Court that exercising our discretion to overlook rules violations pursuant to Rule 2 is *not our only option* when confronted with those violations. When violations occur, per Rule 2, this Court may "suspend or vary the requirements or provisions of any of [the] rules," which is to say this Court may simply ignore the rules violations by suspending the rules' requirements (hence the rule's title, "Suspension of rules"). N.C.R. App. Proc. Rule 2.

*In addition*, however, per Rule 25(b) of the North Carolina Rules of Appellate Procedure, this Court may also *acknowledge* those rules violations and *sanction* the parties or attorneys (hence that rule's title, "Penalties for failure to comply with rules"). Rule 25(b) provides

an alternative to Rule 2 by authorizing this Court to impose certain sanctions against parties *or* attorneys when they fail to comply with the rules. *See* N.C.R. App. Proc. 25(b) ("A court of the appellate division may, on its own initiative or motion of a party, impose a sanction against a party or attorney or both when the court determines that such party or attorney or both substantially failed to comply with these appellate rules."). The rule provides that the Court may impose any of the sanctions listed in Rule 34: dismissal of the appeal; monetary damages, consisting of "single or double costs," "damages occasioned by delay," or "reasonable expenses, including reasonable attorney fees"; or "any other sanction deemed just and proper." N.C.R. App. P. 34(b).

Dismissal of an appeal is clearly the most severe of the penalties this Court is authorized to mete out, and as such its use should be reserved for cases where no other sanctions are appropriate. The fact that the appellate rules specifically empower this Court to exercise any of a number of options when faced with rules violations shows that we are intended to weigh the severity and extent of those violations and impose sanctions accordingly. Indeed, before trial courts can impose the sanction of dismissal, they are required to consider lesser sanctions. *See, e.g., Goss v. Battle,* 111 N.C. App. 173, 176, 432 S.E.2d 156, 158 (1993). Doling out dismissals for basic rules violations without consideration of their type or degree is a too simplistic method of enforcing the appellate rules and ignores the discretion those rules give this Court.

Further, such rigid uniformity in granting dismissals when violations occur can result in great damage to both parties and attorneys. Dismissal is a drastic remedy that not only cuts off the rights of parties to have their appeals heard and the possibility for parties to obtain relief, but also exposes the offending attorney to a malpractice suit even where the appeal, if heard, would not have been successful. In addition, many times these violations arise from the small-firm or solo practitioner who does not have a large appellate practice and thus is not as familiar with the rules of appellate procedure as an attorney at a larger firm; blanket dismissals for less serious rules violations will discourage those attorneys from bringing appeals and may result in their being forced to discontinue any appellate practice. As such, when rules violations do not impede an evaluation of the case on the merits, the appropriate remedy should not be dismissal, but rather the imposition of monetary sanctions.

**IN RE C.M., V.K., Q.K.**

[183 N.C. App. 398 (2007)]

In this case, the rules violations listed by the majority are entirely correct. However, I believe that the greater purpose of the rules of appellate procedure can be better served by hearing the merits of this case and imposing monetary sanctions on the attorneys or parties. The violations here are of some of the more technical points of the rules—failure to reference the record or transcript in assignment of errors, failure to state the standard of review, etc.—and do not taint the substance of appellant's arguments or require this Court to create arguments for appellant.

The majority also notes that in this case, as in many others brought to this Court recently, it was the opposing party who called the Court's attention to the rules violations and moved the Court to dismiss the suit. In many such instances, the opposing party might not have made such a motion had this Court not incorrectly applied the Supreme Court's holding in *Viar*. In such situations, the offending attorney's response should be to file a motion to amend his brief and correct those violations. Allowing these motions, if timely made and appropriate in changes, is in the interest of judicial economy as well as fairness. It also promotes the professional courtesy and collegiality this Court should be encouraging among members of the legal profession.

For these reasons, rather than dismissing the case for its rules violations, I would hear the case on its merits and impose monetary sanctions on the attorneys or parties for those violations.