HENRY LAWSON, JR., Plaintiff,
v.
OWEN DANA WHITE, THOMAS CALVIN GORDAN, SR., THOMAS EDWARD COOK, III, & SOUTHEASTERN OUTDOOR PRODUCTS, INC., Defendants.
No. COA07-296-2
Court of Appeals of North Carolina.
Filed July 7, 2009.
This case not for publication
J. Gates Harris, for plaintiff-appellant.
Gregory T. Griffin, for defendant-appellees.
STROUD, Judge.
The Supreme Court of North Carolina remanded the case sub judice back to this Court "for reconsideration of [our] decision in light of Dogwood Development and Management Co., LLC v. White Oak Transport Co., Inc., 362 N.C. 191, 657 S.E.2d 361 (2008)." Lawson v. White, ___ N.C. ___, 667 S.E.2d 720 (2008). After reconsideration, we dismiss the appeal.
Dogwood Development set forth a three step analysis to determine the proper remedy for violation of the Rules of Appellate Procedure:
[W]hen a party fails to comply with one or more nonjurisdictional appellate rules, the court should first determine whether the noncompliance is substantial or gross under Rules 25 and 34. If it so concludes, it should then determine which, if any, sanction under Rule 34(b) should be imposed. Finally, if the court concludes that dismissal is the appropriate sanction, it may then consider whether the circumstances of the case justify invoking Rule 2 to reach the merits of the appeal.
362 N.C. at 201, 657 S.E.2d at 367.
When the case sub judice was first before this Court, we determined that the Rules violations were "egregious and impede[d] comprehension of each of the issues presented for review," Lawson v. White, 188 N.C. App. 165, 654 S.E.2d 834 (2008) (unpublished), because the appellant's nine-page brief failed to present a summary of material facts or a comprehensible argument based on legal authority, id. Again, we conclude that the appeal sub judice did not merely offend "some of the more technical points of the rules" such as "failure to reference the record or transcript in assignment of errors" and "failure to state the standard of review" but "taint[ed] the substance of appellant's arguments" and would have "require[d] this Court to create arguments for appellant." Dogwood Development, 183 N.C. App. 389, 398, 645 S.E.2d 212, 218 (2007) (Hunter, J., dissenting), rev'd, 362 N.C. 191, 657 S.E.2d 361 (2008).
Plaintiff's statement of the facts states, in its entirety:
The[] facts are set out in detail in the Complaint, R.p. 4-7, and are not repeated here.
Generally, the Complaint alleges that the individual Defendants, White, Gordon and Cook, were business competitors of the Plaintiff and that they deprived the Plaintiff of his interest in a business competitor by wrongful means, including the threat of criminal prosecution and the fraudulent concealment of financial matters and the purpose of the complex transactions between the parties.
The Plaintiff alleges that he transferred his business interests having a value in excess of $500,000.00 to the benefit of the individual Defendants for nominal consideration as a direct result of these wrongful acts.
The Complaint also alleges that the Plaintiff was damaged by a covenant not to compete that was found by the North Carolina Court of Appeals to be a wrongful restraint of trade.
Upon review of the facts as alleged in the complaint, we find that the complaint does not allege that the defendants were "business competitors" but instead that plaintiffs and the individual defendants were the shareholders and officers of the same corporation, defendant Southeastern Outdoor Products, Inc. We find no allegation in the complaint that plaintiff was deprived of any "interest in a business competitor." The paucity of the statement of facts and the lack of support in the record for the statement of facts in plaintiff's brief greatly hinder this Court's ability to review this case for errors at the trial court.
Further impeding review is the dearth of authorities cited for plaintiff's four questions presented, including at least two which plaintiff asserts as questions of first impression. While we realize that by definition there would be no case directly on point for a question of first impression, there will normally be analogous cases from this jurisdiction or persuasive authority from other jurisdictions.
Plaintiff's first question argues "[t]he question of whether the threat of criminal prosecution to eliminate a business competitor is an unfair method of competition does not appear to have been definitively decided by the North Carolina courts and appears to be a question of first impression." He further argues "the damages sustained by the Plaintiff Appellant that are alleged in the Complaint did not occur because of his loss of his job, but because of his loss of his business interest to his competitors."
As noted above, there are no facts alleged in the complaint or the brief as to how or why plaintiff and his fellow corporate officers and shareholders are in competition. Furthermore, plaintiff cited only three cases related to this issue, but he fails to make any argument as to how the holdings in those cases apply to his claim.
Plaintiff's second question asserts that he should have a "separate action to recover his damages from the unlawful covenant itself, rather than based solely upon the wrongful injunction[,]" referring to an injunction which was reversed by this Court in the previous lawsuit between these parties arising out of the covenants not to compete and confidentiality agreements entered by plaintiff and the individual defendants. Southeastern Outdoor Products, Inc. v. Lawson, 172 N.C. App. 592, 616 S.E.2d 693 (2005) (unpublished). Ignoring the question of why plaintiff would not have been required to bring this claim in the prior lawsuit, plaintiff does not cite even one case related to the question presented and fails to make any legal argument as to why this claim should be legally recognized. Plaintiff addresses the legal basis for this claim by simply stating that "[n]o case law found by the Plaintiff Appellant addresses this issue and it seems to be a matter of first impression. The Plaintiff Appellant requests the North Carolina Court of Appeals to find that such a cause of action does in fact exist." This Court cannot create new causes of action without legal authority.
Plaintiff's third question asserts a claim for extortion on the grounds of a threatened criminal prosecution because "the allegedly embezzled funds were only $1,900.00, and this sum is far exceeded by the loss of a business interest in excess of $500,000.00 and the loss of tenancy in common in real property having an ad valorem tax value in excess of $1,000,000.00." Plaintiff fails to cite any cases on point and fails to set forth what the elements of his claim might be.
Plaintiff's fourth question asserts a claim for fraud. Plaintiff again states that defendants are his "business competitors" a statement not supported by the allegations in the complaint or in the statement of facts in the brief. Plaintiff cites only one case in this section of the brief, with a "see generally" cite, and makes no attempt whatsoever to analogize the facts and law of that case with the facts of the case sub judice.
In summary, despite our efforts to comprehend plaintiff's arguments and review them in a logical manner, we have been unable to do so without creating new facts and legal arguments for plaintiff. See Viar v. N.C. Dep't of Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) ("It is not the role of the appellate courts . . . to create an appeal for an appellant."); see also Goodson v. P.H. Glatfelter Co., 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 ("It is not the duty of this Court to supplement an appellant's brief with legal authority or arguments not contained therein."), disc. review denied, 360 N.C. 63, 623 S.E.2d 582 (2005). Plaintiff's failure to present either a proper summary of the relevant facts or legal arguments supported by authority is, in the language of Dogwood Development, a "gross violation" of the Rules of Appellate Procedure which not only "impair[ed] the court's task of review," it rendered meaningful review impossible. 362 N.C. at 200, 657 S.E.2d at 366.
The second step of Dogwood Development requires this Court to determine "which, if any, sanction under Rule 34(b) should be imposed." 362 N.C. at 201, 657 S.E.2d at 367. Rule 34(b) allows the following sanctions: "(1) dismissal of the appeal[,] (2) monetary damages[,] . . . [or] (3) any other sanction deemed just and proper." N.C.R. App. P. 34(b). Because appellant's gross violations of the Rules of Appellate Procedure rendered meaningful review impossible, we conclude that dismissal of the appeal is "just and proper." Id.
The final step of the Dogwood Development analysis grants discretion to this Court to apply Rule 2 and reach the merits of this appeal to prevent manifest injustice. 362 N.C. at 201, 657 S.E.2d at 367; N.C.R. App. P. 2. Because appellant's brief fails to coherently set forth any error on the part of the trial court, or anything we perceive as manifest injustice, we decline to exercise this discretion.
"[I]n certain instances noncompliance with a discrete requirement of the rules may constitute a default precluding substantive review." Dogwood Development, 362 N.C. at 200, 657 S.E.2d at 367. We conclude that the appeal sub judice is one of those instances. Accordingly, this appeal is dismissed.
DISMISSED.
Chief Judge MARTIN and Judge HUNTER, JR., Robert N., concur.
Report per Rule 30(e).